ARMINDA J. BOYD *et al.*, plaintiffs in error, *vs.* JOHN ENGLAND, defendant in error.

1. A deed conveying land to a husband in trust for the separate use of his wife and her children, born and to be born, clothes him with an executory trust, which does not become executed while the coverture subsists and the children are minors. And so long as the trust is executory the legal title cannot vest in the beneficiaries.

2. Upon such a deed, the wife, suing for herself, and as the next friend of her minor children, cannot, pending the coverture, recover the land at law from a person in possession under a conveyance from the husband as trustee, without bringing the trustee in as a party, nor without alleging and proving such facts, and submitting to such terms as would entitle her, under the circumstances, to obtain a decree for the premises in a court of equity.

Boyd *et al. vs.* England.

3. No court can remove a trustee and appoint a successor in a proceeding to which the trustee is not a party.

4. When the verdict is right, on the evidence and the law applicable to the case, errors in the charge of the court are immaterial.

Trusts. Husband and wife. Charge of Court. Before Judge KNIGHT. Union Superior Court. May Term, 1876.

Reported in the opinion.

C. D. PHILLIPS; J. A. BULL; W. T. DAY, for plaintiffs in error.

J. S. FAIN; C. J. WELLBORN; GARTRELL & WRIGHT, by brief, for defendant.

BLECKLEY, Judge.

In 1861 a deed was made conveying certain land to a husband, in trust for the separate use of his wife and her children, born and to be born. Some years afterwards the husband, as trustee, conveyed the premises to a purchaser. In 1875 the wife; suing in her own behalf and as next friend of her minor children, brought suit against the purchaser to recover the premises, with *mesne profits.* The action was, in the brief statutory form authorized by the Code for the recovery of real estate, with the addition of a special averment to the effect that the trustee had abandoned his wife, and failed and refused to execute the trust, and closing with a prayer for general relief and for the appointment of another trustee. The case was tried and a verdict had for defendant. A motion for new trial was overruled.

1. There can be no doubt that the trust raised by the deed was executory, and that it would so remain while the coverture subsisted and the children were minors. It follows that there has been no vesting of the legal title in the beneficiaries, for the coverture is not at an end, nor have the children attained majority. It may be that more are yet to be born.

2, The sole title upon which the plaintiff relied for a recovery was this trust deed; but according to her own showing

the legal title is either in her husband, as trustee, or in the defendant as purchaser under him.   The plaintiff's position is, that the latter acquired no title as against her and her children, because the sale was not made conformably to law.   Let that position be granted, and still she and her children are without any title upon which a recovery can be had in a court of law.   It is true that with us the superior court can administer equitable relief, on the law side as well as on the equity side of the court; but for that to be done, there must be proper parties, proper averments in the pleadings, and proper evidence.   In other words, whether the action be at law or in equity, the plaintiff must plead and prove a case which would entitle her to a decree in a court of equity.   And this she has not done.   The trustee is a necessary party, and he is not brought in; and in the matter of evidence, the record before us contains not one word on the subject of abandonment. Moreover, there is some evidence going to show that a part of the proceeds of the sale of this land was invested in other lands, and that the plaintiff is in the enjoyment of the latter. The surrender by her of all the fruits of the sale in her possession would be a condition of setting the sale aside.   She would have to submit to the same terms in a court of law as in a court of equity; and she has neither performed nor offered anything in that way.   As the case stood at the trial, on the pleadings and the evidence, it was legally impossible for her to recover.

3. The prayer for the appointment of a new trustee could not aid her.   Her husband, who was no party to the proceeding, was vitally interested in that question.   No court could substitute another in his place as trustee, and divest whatever title he might have, without giving him an opportunity to be heard as a party.

4. No verdict could have been legally rendered other than the one that was rendered, and hence the motion for a new trial was overruled.   It would be utterly useless to rule upon the grounds of the motion imputing error to the court in charging the jury, and in refusing to charge as requested, for what-

ever errors, if any, were committed, were harmless. To discover and point them out would not enable us to reverse the judgment.

