## SMITH v. WALKER ET AL.

49 289
81 439

1. **Practice**: FINDING OF FACT: EVIDENCE. The finding of fact of a court stands as the verdict of a jury, and will not be set aside as not sustained by the evidence when the testimony is conflicting.

2. **Trust**: LIABILITY OF TRUST PROPERTY. Where a trustee has incurred a liability in the preservation of the trust property which it has been adjudged shall be satisfied out of such property, the trustee cannot be heard to complain that the judgment should have been directed against him personally.

*Appeal from Dubuque District Court.*

WEDNESDAY, OCTOBER 23.

THE record in this case discloses the following facts, which are not in dispute, and which, for convenience, we copy from the statement in the brief of appellant's counsel:

"On the 29th day of December, 1871, the Governor of Iowa issued to the defendant company, by the then name of the Dubuque, Bellevue & Mississippi Railway Company, a patent for thirty-eight thousand acres of land, known as the Tete des Morts land grant, which patent was forthwith recorded in the proper counties; that on the 5th day of January, 1872, said railway company executed to said J. M. Walker a trust deed of said grant, for the purpose of indemnifying James F. Joy, of Detroit, who had indorsed the notes of said company given for iron, to the amount of one hundred thousand dollars, which notes were given about the time of the execution of said trust deed, and were payable in three, six and nine months, respectively, and were paid by said company at their maturity, but the trust deed was not cancelled; that on the 1st day of April, 1873, said company conveyed to said Walker, by deed of general warranty, said thirty-eight thousand acres of land, in trust for the several stockholders of the River Railroad Construction Company, in proportion to their respective interests

in said construction company, that company being entitled to these lands under its contract with said railroad company, said Walker having no beneficial interest therein, but was a stockholder and bondholder in said railroad company; that in pursuance of the provisions of said deed of trust of April 1, 1873, said Walker did, prior to the commencement of this suit, convey to parties entitled thereto all except ten thousand six hundred and forty acres of said lands, including sections 15 and 21, township 89, range 44, attached in this action; that said ten thousand six hundred and forty acres remained in his hands at the time of the trial, subject to the order of certain stockholders of said construction company, who were the equitable owners thereof; that on the 5th day of October, 1870, by a vote of the stockholders of the Dubuque, Bellevue & Mississippi Railway Company, its principal place of business was changed from Bellevue to Dubuque, and a board of directors elected, and J. K. Graves chosen president; that the officers of said company so organized proceeded to issue bonds, secured by trust deed upon the railroad of said company; that on the 5th day of October, 1871, certain stockholders, dissatisfied with the removal of the principal place of business of the company from Bellevue, and claiming the same to be illegal, and having procured possession of a stock book of the company, subscribed for additional stock, which they paid in their own due bills, proceeded to elect a pretended board of directors, who in turn elected D. A. Mahony president, W. A. Maginnis secretary, and Thomas Finn treasurer of their organization, which they claimed to be the Dubuque, Bellevue & Mississippi Railway Company proper, and adopted a seal as the seal of said company; that said Mahony thereupon notified the trustees named in the deed of trust and bonds aforesaid secured thereby, that the organization which he represented was the real company, and that the organization represented by J. K. Graves was a usurper, and on the 8th day of January, A. D. 1872, the said Mahony and Maginnis, claiming to be the president and secretary of said com-

pany, executed a deed in the name of said railway company, and affixed thereto a seal purporting to be the seal of said company, which deed purported to convey to said Thomas Finn, in trust, the said thirty-eight thousand acres of land, and forthwith caused the said deed to be recorded in the several counties of Iowa in which the said lands were located, and soon afterward the said Finn executed deeds purporting to convey said lands to various parties, and caused the same to be recorded in the several counties; that soon after the organization of the pretended company of which D. A. Mahony was the head, J. K. Graves, the president of the organization which had constructed the railroad and obtained the land grant, consulted with and employed the plaintiff to take the necessary steps to sustain the position of the company of which he was president as the real company, and to protect the land grant; that in pursuance of such employment plaintiff drew the resolution passed by the Legislature of 1872, legalizing the act of removal of the place of business of said company from Bellevue to Dubuque, and, also, in relation to the change of name of the company, and in connection with the firm of Smith, Fouke & Chapin, of which he was the senior member, brought a suit in chancery to restrain the Mahony organization from incumbering said lands, which suit, in connection with other proceedings by plaintiff instituted or participated in, together with certain action of the the Legislature of which plaintiff had charge on the part of the railroad company, resulted in ousting the Mahony organization, and setting aside all deeds of said lands executed by said pretended company and its grantees."

This action was brought by plaintiff against Walker, as trustee, and also against the railroad company, to recover for said services. It was averred in the petition that the company was insolvent, and that said Walker, trustee, was about to dispose of said lands with intent to defraud the plaintiff. A writ of attachment was issued, and levied upon a part of the land.

A jury was waived, and the cause was tried by the court. It was adjudged that plaintiff have and recover of the defendants the sum of one thousand six·hundred and forty-three dollars, and a special execution was awarded for the sale of the attached property. No personal judgment was rendered against .the defendant Walker.

*S. P. Adams,* for appellant.

*Platt Smith, pro se.*

ROTHROCK, CH. J.—The action in chancery for an injunction

1. PRACTICE. finding of fact: evidence.

was commenced on the 17th day of January, 1872. It was prosecuted in the names of the Dubuque, Bellevue & Mississippi Railway Company, and James M. Walker, trustee, as plaintiffs. The final decree was entered in said cause for the plaintiffs on the 27th day of December, 1873. At the commencement of the suit Walker held the land as trustee to indemnify James F. Joy, who had indorsed the notes of the company for one hundred thousand dollars. Pending the suit in chancery, and during the time that the other service was being performed, the notes which Joy had indorsed were paid. The trust deed was not cancelled, but another deed was made to Walker on the 1st day of April, 1873, which purported to convey the same lands to him as trustee for the several stockholders of the River Railroad Construction Company. Upon what consideration this deed was made does not appear. It does appear, however, that the lands were to be by the trustee divided among said stockholders.

The question of fact in the case is, whether Walker, as trustee, employed the plaintiff to perform the service which he did perform in protecting the title to the lands for the benefit of the parties in interest. Upon this question there is a direct conflict in the evidence.

J. K. Graves testifies to facts which, in our judgment, show conclusively that Walker, before and after the execution of the

Smith v. Walker.

last trust deed, not only recognized the fact that plaintiff was engaged in protecting the title to the lands, but actually advised, counseled, and directed the proceedings that were had. Walker explicitly denies all participation in the matter, and insists that whatever employment plaintiff had was for the railroad company alone.

This being the state of the proof we cannot interfere with the finding of fact by the court below. It must stand as the verdict of a jury.

II. Conceding then that plaintiff was employed by Walker as trustee, is he entitled to an adjudication subjecting the trust property to the payment of his claim? It is urged by counsel for appellants that when a trustee incurs a liability in regard to the preservation of the trust estate he is personally liable, and may charge such an expenditure to the trust fund or estate. This may be conceded. But in this case Walker, the trustee, denies the employment of plaintiff, and we think the proper parties were before the court to have that question adjudicated. It having been adjudged that plaintiff was employed by the trustee, why should the latter be heard to complain because the amount found to be due was ordered to be made from the trust property, and not adjudged against him personally?

2. TRUST: liability of trust property.

We can see no good reason for such a claim. This is an adjudication directing the appropriation of sufficient of the trust estate to pay the claim of the plaintiff, and we think the court properly directed execution to run against the lands held in trust upon which the attachment had been levied.

AFFIRMED.

ADAMS, J., dissenting.