CLARK, next friend, *v.* FLANNERY & CO. *et al.*

*Simmons, C. J.*—1. Where in an action against a trustee the declaration contained allegations showing that the debt sued upon was a debt of the trust estate binding upon it and lawfully collectible by the sale of certain described property, and judgment was rendered accordingly, this judgment, though the trustee may have neglected to make the proper defense to the action, was nevertheless conclusive upon the *cestuis que trust* represented by the trustee, and an equitable petition filed in their behalf by a next friend for the purpose of setting the judgment aside was properly dismissed on demurrer. If the trustee was unfaithful to his trust in improperly allowing the judgment to be rendered, he and his sureties, if any, are liable to the beneficiaries thus injured.

2. The law of this case was practically settled by the decision of this court therein at the March term, 1895 (96 *Ga.* 782).

July 13, 1896.  By two Justices.                *Judgment affirmed.*

Equitable petition.   Before Judge Smith.   Pulaski superior court.   November term, 1895.

Clark, as next friend of the seven minor children of J. A. D. Coley, brought his petition against John Flannery & Co., and the sheriff of Pulaski county, praying that they be enjoined from selling certain land under an execution founded on a judgment hereafter mentioned; and that said judgment be set aside and declared void, or so reformed as not to interfere with the property levied on; and for general relief.   There was a hearing for interlocutory injunction, and the same was denied, which ruling was affirmed. 96 *Ga.* 782.   Afterward the cause was heard on demurrer to the petition; and this demurrer was sustained and the petition dismissed.   The grounds of the demurrer were, in brief: (1) No equity.   (2) *Res adjudicata.*   (3) Too long delay in seeking equitable intervention.   (4) Insufficient ground for interference with the judgment.

It appears from the record, that the land in question was devised by the will of Alatia Coley, a brother of J. A. D. Coley, to J. A. D. Coley, in trust for the children named in the petition, for and during the natural life of J. A. D. Coley, and then to vest in and become the property of the children, or such of them as may be living at such time. The will was dated December 22, 1885, and was probated and admitted to record on January 4, 1886. On January 17, 1894, John Flannery & Co. brought suits in Pulaski county court upon certain promissory notes signed by J. A. D. Coley, trustee. Their petition alleged that J. A. D. Coley as trustee for his children, naming them, was indebted to plaintiffs in the sums sued for upon the note, copy of which was set out; that said note was given for money furnished by the plaintiff for the trust estate for which Coley was trustee, which money was necessary for the trust estate and used for and by it for the benefit of the *cestuis que trust;* that said trust estate consists of 400 acres of land (the land in question) whereon Coley, trustee, and the *cestuis que trust* reside, and of certain described personal property on said place; and that said property is trust property and is subject to plaintiffs' debt for which they pray judgment. On February 6, 1894, judgment was rendered in the county court in each case by default, in favor of plaintiffs against J. A. D. Coley as trustee for the children, naming them, for the amount of the note with interest, the judgments reciting that, it further appearing that the claim of the plaintiffs is one for which the trust estate is liable, judgment is rendered against the trust property in the hands of said trustee, describing the realty and personalty before mentioned; and that execution issue against said property, etc.

The present petition alleges, that J. A. D. Coley undertook to discharge the duties delegated to him in the will as trustee, and took possession of the property therein mentioned, he neither having nor claiming any title or interest

therein except only a life-estate in the office of trustee; that the consideration of the notes which he gave to plaintiffs was money borrowed by him for his own personal use and the use of his wife and children, and only a small portion of the money, if any, was used for the benefit of the trust estate, and but little of it was used for the benefit of the *cestuis que trust;* that Coley, though well knowing the material allegations of the declarations in the county court to be untrue, neglected and failed to make any defense to said suits but allowed judgments to be taken against him by default and against the trust estate, without any proof except the production of the notes; that in the fall of 1893 he delivered to Flannery & Co. four bales of cotton as a credit on the indebtedness aforesaid, but owing to their fault or neglect no credit was given him therefor, and judgment was rendered for a much larger amount than was due on the notes; and that J. A. D. Coley is insolvent, and if this land is allowed to be sold it will strip the minor children of the provision made for their support by their uncle, without any fault on their part and without any equivalent for the debt for which the property is sold.    By amendment it is alleged, that before and when judgment was taken in the county court, it was agreed between Coley and the member of the firm of Flannery & Co. who represented them, and their attorney, that a credit should be allowed on the notes for the value of four bales of cotton previously delivered to Flannery & Co., and about which there was no dispute, the value of said cotton being over $100, the exact amount to be ascertained by a calculation which Johnson was to make from his memorandum; and upon this agreement Coley agreed to allow judgment to be taken against him for the balance, and in violation of this agreement said attorney entered up judgment for the full amount of the notes, without the knowledge or consent of Coley and after he had left the court-house.

The record of only one of the suits in the county court

is attached as an exhibit to the petition.    The judgment therein rendered is dated February 6, 1894.    The present petition was brought on December 27, 1894.

   *W. L. & Warren Grice* and *Harrison & Peeples,* for plaintiff.    *J. H. Martin,* for defendants.