SANDERS *et al.* v. HOUSTON GUANO & WAREHOUSE COMPANY.

1. Where one conveys, by deed, property to another in trust for the sole use and benefit of the latter's wife and children, including those that might thereafter be born to such husband and wife, the trust remains executory, and the legal title continues vested in the trustee, so long as any of the children are minors and there is a possibility of further issue of the marriage between the trustee and his wife. The fact that some of the children

had arrived at age does not render the trust so far executed as to confer upon them legal title to any interest in the land, especially during the lifetime of the grantor, who enjoins, in his deed creating the trust estate, upon the trustee the duty of providing a support for the grantor during his life.

2. On the trial of a claim filed by the children to property levied on to satisfy a judgment against the trustee, subjecting the trust estate, it was not error for the court to exclude testimony offered by the claimants, tending to show that, on account of the age of the mother at the time of the trial, there was no possibility of further issue of the marriage; it appearing that the debt upon which the original action to subject the trust estate was based was contracted more than five years prior to such trial.

3. Where such property so conveyed in trust consists mainly of land adapted only for farming purposes, the trustee has the right to carry on the business of cultivating the land for the benefit of the cestuis que trust; and any debt contracted by him for the purpose of purchasing such personalty as was necessary to enable him to conduct the farm, is an obligation undertaken for the benefit of the trust estate, and upon a proper case made the creditor can subject the trust estate to the payment of such a claim.

(a) In a suit for this purpose it is not necessary to make the beneficiaries parties thereto; service upon the trustee is binding on a cestui que trust.

(b) Nor is it necessary in such an action to allege that the income of the estate was insufficient to pay the debt; as the statute makes the corpus subject regardless of the income.

(c) The judgment subjecting the trust estate is not void because the trustee applied the income from the farm only for the benefit of himself and wife; it not being claimed that the creditor had any knowledge of any intention to misappropriate the income, or misuse the trust property, when the credit was extended to the trustee.

(d) Even if the petition in such a case was not sufficiently full, but was good against a general demurrer and simply contained minor defects that would have been clearly amendable had objection been made thereto at the trial, such irregularities or defects are cured by the judgment, which binds not only the trustee but also the beneficiaries.

4. Where in such a suit against a trustee, brought after the passage of the act embodied in the Civil Code, § 4961, the petition sets forth the cause of action in orderly and distinct paragraphs, as required by this section, and no answer is filed by the defendant denying or calling for proof of any of the allegations in the petition, such petition may be taken as prima facie true, and it is not necessary for the plaintiff to introduce further testimony in order to make out his case.

Argued February 18,—Decided March 17, 1899.

Levy and claim.    Before Judge Felton.    Houston superior court.    April term, 1898.

*Nottingham & Polhill, R. N. Holtzclaw* and *M. G. Bayne,* for plaintiffs in error.    *Louis L. Brown,* contra.

Lewis, J. On March 21, 1896, the Houston Guano and Warehouse Company brought suit, in the county court of Houston county, against John F. Sanders as trustee of his wife and their children (naming them). The purpose of the suit was to subject a certain tract of land, held by the trustee for the benefit of his wife and children, to a certain debt contracted by the trustee with the plaintiff in January, 1893. The petition described the trust property, referred to the deed creating the trust, and stated where the same was recorded. It was alleged that the trustee was still in possession of the land mentioned in the deed, for the use and benefit of the cestuis que trust named; that in the year 1893 he was farming upon the land for the benefit of his cestuis que trust, and that as such trustee he bought of petitioner, on January 11, 1893, for use on the farm carried on, mules and wagons; that they were necessary to enable the trustee to carry on the farm for the benefit of the cestuis que trust; and that without such articles he could not have conducted the farm. This indebtedness was evidenced by certain promissory notes given by the trustee, copies of which were attached as exhibits to the petition. The petition set forth the cause of action in orderly and distinct paragraphs, fifteen in number, and we refer above to only some of its allegations, as they are the only parts material to be considered in connection with the issues involved in this case. The petition was duly served upon the trustee as defendant; and he having failed to file any answer to the suit, the judge of the county court, at the trial term, rendered a judgment finding for the plaintiff the amount of the debt sued for, subjecting thereto the trust property mentioned in the petition, and directing that the fi. fa. issued thereon be levied upon the trust property described in the petition. This judgment shows upon its face that it was predicated upon the fact that there was no denial by the defendant of the allegations contained in the petition. A fi. fa. was issued upon the judgment and levied upon the land described in the trust deed. The plaintiffs in error, who are all the beneficiaries named in that deed, except the mother and a minor child, filed a claim to the property, which came on to be tried at the April term, 1898, of the superior

court of Houston county.   After the testimony had closed, the
judge directed a verdict finding the property levied on subject.
This case is brought here by direct bill of exceptions, assign-
ing this direction of the court below as error, and complaining
of certain rulings made in the progress of the trial.

The deed by virtue of which claimants assert title was exe-
cuted November 19, 1885, and was a conveyance from W. L.
Sanders to John F. Sanders, in trust for his wife and their chil-
dren (naming them) "and any children they may have born to
them in future."   The consideration named in the deed was for
services rendered the grantor by the mother of these children,
in waiting upon and nursing him for years, and also his late
wife, then deceased, and it was also for the further consideration
that the said mother and her husband, the trustee, would con-
tinue to wait upon, take care of, and support the grantor out of
the property conveyed by the deed.   The deed then recited a
conveyance to the trustee "in trust for the sole, separate use and
benefit of the said Hattie Sanders and her children above men-
tioned, and any that may in future be born, and her assigns
forever, free from and exempt from all debts, etc., of her pres-
ent or any future husband."   On the trial it was admitted that
the claimants were all of the cestuis que trust in the deed named,
except one of the children who was still a minor; that the claim-
ants were all of age on January 1, 1893; that none of them
lived on the land in dispute, except Hattie Sanders, who was
the wife of John F. Sanders; that none except her received any
of the benefits of the proceeds of the land, since January 1,
1893; that all the claimants were of age on that day; and that
the minor who did not join in the suit was fifteen years old at
the time of the trial.

1. One question presented by this record was whether or
not, in 1893 when this trust debt under consideration was con-
tracted, the trust was then of an executed or executory nature.
It is insisted by counsel for plaintiffs in error, that the trust
was executed, and that therefore the trustee had no power to
bind the estate by any contract, whether made for the benefit
of the estate or the beneficiaries.   The only reason, in the
light of the record, that can be assigned for such a position is,

that these claimants were then of age and were receiving then no benefit from the land; but it was admitted that there was a minor child then living, and who even now lacks several years of attaining her majority. It further appears that the trust was created, not only for the benefit of the children in life at the time of the execution of the deed, but also for the benefit of any other children that might thereafter be born to the trustee and his wife; and it does not appear that at the time the trustee had the management of this property in 1893, the possibility of further issue of the marriage between him and his wife had become extinct. Besides this, the grantor in the trust deed, as one of the considerations moving him to make the conveyance, placed the title in the trustee, not only for the benefit of the mother and children, but also charged him with the duty of providing for the grantor a support out of the property for the remainder of his life. It does not appear from the record that the grantor was not then in life, or, as to that matter, that he is not now living. Apart then, even, from the minority of one of the beneficiaries and the possibility of further issue, we think the trust was necessarily of an executory nature so long as the property was chargeable with the support of the grantor, especially when the duty was imposed upon the trustee, by the terms of the deed, to provide for this support out of the property itself. We think this is really a stronger case, in support of the contention that this trust did not become executed in 1893, than the case of Bond v. Ingram, 56 Ga. 598, where it was decided that "A deed conveying land to a husband, in trust for the separate use of the wife and her children born and to be born, clothes him with an executory trust which does not become executed while the coverture exists and the children are minors, and so long as the trust is executory the legal title can not vest in the beneficiaries." It is not necessary, in this connection, to go into a consideration of the question as to whether or not the beneficiaries under such a deed could have asserted, after their majority, a title to any interest in the property and a right of possession thereunder, by proceedings for partition, or otherwise, during the minority of one of the cestuis que trust. We

think manifestly they would have had no such right while the property in the hands of the trustee was also charged with the support of the grantor.   The rights of the children are subject to this beneficial interest of the maker of the deed, and for this, as well as for the interest of the minor, the title to the property remained vested in the trustee until such uses and purposes were fully executed.

2.  Error is assigned in the bill of exceptions on the ground that the court refused to allow claimants to show that their mother, Hattie Sanders, was fifty-two years of age and was in such physical condition that she could never possibly bear another child.   Such was the condition of the mother at the time of the trial, offered to be proved; and even if the testimony had been admitted, it would manifestly not have followed that such was necessarily her condition five years previously, when the contract in question was made with the trustee.   On this particular point the question was whether there was a possibility of further issue in 1893, which would render the trust of an executory nature and which in itself would have authorized a trustee to then take charge of and manage the property, in the interest of those then in life and those that might thereafter be born.   Besides, even if the proof offered had extended back to that period, it could avail nothing, as there are other elements of an executory nature in the trust, independent of the possible birth of future children.

3.  It is insisted that no authority is shown, either by the deed of trust or otherwise, for the trustee to engage in the business of farming upon the land embraced in the trust estate. In a conveyance of property by one in trust for another, it is necessarily implied that the trustee shall assume the management and control of it for the benefit of the usees named.   The real estate conveyed by this trust deed was a farm, and hence was naturally adapted only for farming purposes.   There was certainly as much reason and authority for the trustee's operating the farm himself as there would have been for him to rent it out to others for the purpose of cultivation.   Indeed we think it was his manifest duty to make some use or management of the property, so as to cause it to yield an income for

the purposes and benefits contemplated in the deed. Any debt, therefore, contracted by him in his capacity as trustee, that was necessary to enable him to carry on such a business, is a debt, in contemplation of law, which is created for the benefit of the trust estate. It is true that the petition which sought to subject this estate did allege that the articles in question were purchased for the benefit of the beneficiaries, but it was distinctly alleged in the petition that they were for use upon the farm, were necessary for this purpose, that the business could not have been conducted without them; and a fair construction of the entire petition on this subject means that the personalty was used on the farm which was being conducted by the trustee for the benefit of his cestuis que trust. There is no profit in a farm without cultivation; it can not be cultivated without live stock, farming implements, etc. Anything is for the benefit of an estate which is necessary to prevent the property from remaining profitless and useless. This class of debts is clearly distinguishable from those arising out of a purchase of goods for the use and benefit of the cestuis que trust, and in nowise connected with the trust estate, or with the management and control of such property by the trustee.

The position that it was necessary to have made the beneficiaries parties defendant in the suit against the trustee, is clearly untenable. The statute nowhere requires service upon the beneficiaries in such a case. Civil Code, § 3202, provides that any person having a claim against any trust estate, for services rendered to said estate, or for articles or property or money furnished *for the use of said estate*, or where a court of equity would render said estate liable for the payment of said claims, may collect and enforce the payment of such claim in a court of law. The sections immediately following provide how such claims may be enforced in a court of law, and simply require that the petition shall set forth the grounds of the claim, how and in what manner the estate is liable for its payment, and shall give the names of the trustees and cestuis que trust. Section 3206 provides that the judgment thus rendered shall impose no personal liability on the trustee, but shall only bind the trust estate, and execution shall issue accordingly. The only provi-

sion of the statute for making cestuis que trust parties defendant to such actions is in a case where "there is no trustee, or he is a mere naked trustee and non-resident of the county." Civil Code, § 3204. It will thus be seen that the law nowhere contemplates that the beneficiaries of such a trust shall be made parties to the suit when there is an active trustee of an executory trust. They are represented by the trustee and are bound by the judgment of any court of competent jurisdiction over the person and subject-matter, rendered against their representative, subjecting the trust estate, in which they have simply the beneficial and equitable interest. *Zimmerman* v. *Tucker*, 64 *Ga.* 432; *Clark* v. *Flannery*, 99 *Ga.* 239.

It is further insisted by counsel for plaintiffs in error, that the petition to subject this property in the hands of the trustee was fatally defective, in that it did not allege that the income of the estate was insufficient to pay the debt. On the trial it appeared from the petition that the trustee was realizing from the land an income sufficient for this purpose. The reply to this is, that the statute nowhere requires such an allegation in order to support a suit of this character; but on the contrary provides that the estate itself, that is the corpus, can be subjected to the debts created, for property or money furnished for the use of said estate, and also for services rendered the estate. The decision of *Greenfield & Brown* v. *Vason*, 74 *Ga.* 126, relied upon by counsel for plaintiffs in error, is not in point. There it was sought to subject a trust estate at law for necessaries furnished the cestuis que trust. It appears from the opinion delivered by Justice Hall in the case, that it was an effort to charge a trust estate, in the hands of the defendant as trustee, for the value of goods furnished by the plaintiffs. It will be noted the goods were not furnished the trustee for the use of the estate, but they were furnished the beneficiaries themselves; and while it was alleged that they were necessary for the cultivation of the land belonging to the trust estate, it also appeared that they were for the maintenance and support of the cestuis que trust. It appeared in that case that the trustee demurred to the petition, and the court decided that the demurrer should have been sustained, among other rea-

sons assigned, for defect in the petition, in that it did not allege that the trust property yielded any income, or whether an encroachment on the corpus would be necessary and proper. It does not follow by any means, from this decision, that if the defendant had not appeared and specially pleaded or demurred to the action, and a judgment had been rendered against him subjecting the trust estate, it would have been void simply on account of such a defect in the petition. Besides, as above indicated, the nature of the debt involved in that case was for goods furnished, not to the trustee, but to the cestuis que trust for their maintenance and support. This class of obligations is clearly distinguishable from those created by the trustee himself, in the purchase of goods for the *use of the estate.* The statute does not declare that the corpus of the estate in the hands of the trustee can be subjected to a debt for goods furnished beneficiaries, and indeed is silent as to the remedy provided for the enforcement of such a claim. When resort is had to equity, therefore, for its enforcement, there is reason for applying as an equitable rule in such a case, that the estate itself should not be sold unless it should appear that the income was insufficient for the purpose sought. The distinction between the two classes of claims against trust property is clearly recognized by the decision of this court in the case of *Satterwhite* v. *Beall,* 28 *Ga.* 525. There it is decided that the act of 1856 (which is embodied in the sections of the code above cited), authorizing claims against trust estates to be recovered at law, provides for demands only for services rendered the trust estate, or for articles or property or money furnished for the use of said estate, and for the payment of which a court of equity would render said estate liable; and that the judgment in such cases has a lien on the corpus of the trust property, and is to be enforced by seizure and sale under execution issuing thereon, as other common-law judgments. That was an action brought by the plaintiffs against a trustee, on account of goods, wares, and merchandise sold the cestui que trust. Lumpkin, J., in delivering the opinion, stated that the proceeding instituted was founded on an entire misapprehension of the act of 1856, giving a remedy against trust estates in

a court of law and prescribing the mode of procedure there-
on ; that in the first place the claim must be against the trust
estate, as for blacksmith work done on the plantation, medical
services rendered the trust negroes, etc., and not for goods fur-
nished the cestuis que trust.   The statutory remedy, therefore,
given to creditors for the enforcement of a debt by furnish-
ing a trustee property or money for the use of the estate, is a
certain proceeding instituted by petition at law for the pur-
pose of obtaining a judgment binding the corpus of the trust
estate, and that alone.

Complaint is further made in the bill of exceptions, that the
court erred in refusing to permit the claimants to prove that the
trustee applied the income for the year 1893 solely for the
benefit of himself and wife.   There is no pretense that there
was any collusion between the trustee and the creditor to mis-
appropriate the income from the trust estate, or that the cred-
itor ever had any knowledge of such intention on the part of
the trustee, when he extended him the credit.   Manifestly such
a breach of trust or failure of duty on the part of the trustee,
in disbursing the income, would not, under the facts of this
case, defeat the creditor's right of action.   The remedy of the
beneficiaries for this wrong is against the trustee himself, and
not against the innocent creditor who had nothing whatever
to do with disbursing the profits or income that the trustee
might have realized from the land, which he was enabled to cul-
tivate by the use of the property furnished by the creditor.   It
is true that the giving of a note in this case by the trustee consti-
tuted no evidence that it represented the debt for which this
trust estate was liable.   Upon its face the note only indicated
individual liability of the trustee himself.   The owner of the
note, however, did not rely upon its possession to warrant a
recovery against the trust estate.   The fact that he received from
the trustee a note would not of course preclude him from show-
ing its real consideration to be of such a nature as to render the
trust estate liable.   As ruled in the case of *Gaudy* v. *Babbitt*,
56 *Ga.* 640, where the trustee as such has given his promissory
note for the debt, and the note is declared upon, the same is
admissible in evidence, but the note itself is not sufficient to

warrant a recovery against the trust estate. The plaintiff must go further and establish his whole declaration, proving the existence of the trust estate, of what it consists, and the specific facts which render it liable for the debt. Says Judge Bleckley in his opinion on page 642: "On principle, it is difficult to say why a trustee who can contract a debt at all can not do so by note. Why should there be a capacity to make a verbal promise and not a written one?"

The petition which sought to enforce the payment of this claim against the trust estate substantially complied with the requirements of the statute in such cases. As against a general demurrer, we think it was sufficient; and if it was open to special objection on account of not being explicit and full enough in certain of its allegations, such defects were clearly amendable, and therefore, in the absence of any such objections, are cured by the judgment of the court. This judgment was necessarily conclusive on the cestuis que trust, although the trustee might have neglected to make the proper defense to the action. In the case of *Clark* v. *Flannery & Co.*, 99 *Ga.* 239, the present Chief Justice rendering the decision announced this principle: "If the trustee was unfaithful to his trust in improperly allowing the judgment to be rendered, he and his sureties, if any, are liable to the beneficiaries thus injured." See also opinion of Justice Bleckley in *Kupferman* v. *McGehee*, 63 *Ga.* 257.

4. It is finally contended that the judgment rendered against this estate is void for the reason that no evidence was introduced to sustain the allegations in the plaintiff's petition. All the authorities relied upon by counsel to support this contention are adjudications made prior to the passage of the act of 1893, embodied in the Civil Code, § 4961. The petition in question was filed in conformity with the provisions of that act, and set forth a cause of action in orderly and distinct paragraphs, numbered consecutively. It is distinctly provided by the terms of the act, that such averments, when not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averments, for want of sufficient information. In the absence of any answer at all, then, to such petition, the mani-

fest purpose of the statute was to treat all the allegations of the petition as if established by proof, and in such a case, as decided by this court in *Hight* v. *Barrett,* 94 *Ga.* 792, there was no error in directing a verdict for the plaintiff. See also *Western Union Telegraph Co.* v. *Lark,* 95 *Ga.* 806. No exception is made by the statute as to a suit of the character we are now considering, and no reason can be urged why the rule should not apply in this case.

The judgment attacked in this case was rendered by the judge of the county court, in which court there is no provision for jury trial in civil cases, but the presiding officer of that court is both judge and jury in such cases, and the same principles of pleading and proof touching proceedings in the superior court are likewise applicable to the county court. Civil Code, § 4204.

Under section 3203, if the claim against a trust estate exceeds one hundred dollars, the petition shall be brought in the superior court; and under section 3205, if it does not exceed that sum, suit may be brought in a justice's court. These sections are simply codifications of an act passed before the statute establishing the county court, and we think can not be construed into any modification of the jurisdiction conferred upon that court by section 4193, which gives it jurisdiction of all civil cases of contract or tort within a certain amount, save where exclusive jurisdiction is vested in the superior court. No question is presented, however, by this record, touching the jurisdiction of the county court over the subject-matter of suits against trust estates.

The above covers all the material questions presented in the bill of exceptions. They necessarily control the issues involved. The facts disclosed by the record authorized the judge to direct a verdict finding the property subject.

*Judgment affirmed.     All the Justices concurring.*