## MILLER, trustee, *et al. v.* BUTLER.

1. It being the duty and within the power of the trustee to defend the estate committed to his care, he may institute or defend actions relating thereto without joining the cestuis que trust as parties, and in the absence of fraud they are bound by the judgment rendered therein.
2. If the cestuis que trust suffer loss by reason of the conduct of the trustee, the remedy is not to undo what has lawfully been done, but to proceed against the trustee, whose solvency and capacity were passed upon by the settler in appointing him to represent the estate when it became necessary to deal with third persons.
3. While a demurrer admits facts properly pleaded, it does not admit a fraud charged, except as the facts establish or constitute fraud.
4. The petition in the present case stated no facts constituting fraud; nor did the subsequent breach of the contract under which the decree was taken amount to fraud which would relate back and vitiate a decree which was otherwise free therefrom.
5. The right of the plaintiffs to unite in a suit grew out of the unity of their interest under the trust deed.
6. The trustee and beneficiaries thereunder were not the promisees in the express contract sued on, and therefore had no right to maintain an action thereon in their own names.
7. The parties sued in one capacity under the trust deed. But the right to recover for the breach of the express contract was only in two of the parties, and in a capacity different from that in which they sued.
8. The causes of action and prayers for relief were dissimilar and antagonistic.
9. If by virtue of the interest created by the trust deed the beneficiaries have any cause of action against the defendant alone, or against the defendant and the trustee, or the right to recover from the defendant an amount equal to the consideration alleged to have been given for the consent verdict, the same must be asserted in a separate and distinct suit.

Submitted November 19, 1904. — Decided January 28, 1905.

Exceptions to auditor's report. Before Judge Freeman. Troup superior court. July 1, 1904.

Willis Miller, for the benefit of himself and also for the benefit of his daughter-in-law and grandchildren, conveyed certain land to his son H. W. Miller, trustee. There was no power to sell conferred upon the trustee. The land described in the trust deed was claimed by Butler under sheriff's deed. He was also prosecuting a suit against Willis Miller on a debt antedating the trust deed, with a view of enforcing the judgment entered thereon. Thereupon Willis Miller and H. W. Miller, trustee, filed a bill against Butler, to enjoin this common-law suit, and to remove the cloud on the title created by the sheriff's deed held by Butler.

He answered, attacking the trust deed on several grounds, among others, that it was void because Willis Miller, the grantor, had therein reserved a benefit to himself.   Pending the suit Willis Miller died, and his administrator was made a party plaintiff. In May, 1895, a verdict was rendered in favor of the defendant, establishing the validity of his title to the land, and also entering a decree in his favor for $2,590.   Several years thereafter (March, 1900) H. W. Miller as trustee, and the cestuis que trust under the trust deed above recited, brought an equitable petition against Butler, alleging that the verdict above referred to had been taken by consent under an agreement by which Butler undertook to levy the execution to be issued thereunder on certain land belonging to Willis Miller, agreeing also that at the sale he would buy in such land and convey the same by absolute deed to H. W. Miller and his wife.   The petition alleged that within the last few months he on demand had failed to carry out this agreement.   It was claimed that the children were not parties to the original suit.   There was a prayer that Butler should be forced to carry out his agreement as to H. W. Miller and Mary Miller. It was charged that Butler had failed to carry out the agreement, and that such was fraudulent conduct, and it was prayed that the decree should be set aside for fraud.   Butler demurred; and subsequently the petition was amended, by which the complainants prayed that if they were not entitled to specific performance of the contract made by Butler, they be awarded damages for its breach.   The court sustained the demurrer, and the trustee and beneficiaries under the trust deed excepted.

*D. J. Gaffney* and *W. C. Wright*, for plaintiffs.
*F. M. Longley*, for defendant.

Lamar, J.   (After stating the foregoing facts.)   Where the title to property is put in one person for the benefit of others, the latter take cum onere.   The skill, ability, and solvency of the trustee operate to their advantage.   But as to acts within the scope of his express or implied powers, they must suffer the consequences when they ultimately prove detrimental to the beneficiaries.   The remedy in such a case is not to undo what has lawfully been done, but to proceed against the trustee (*Clark* v. *Flannery*, 99 *Ga.* 239), whose personal and financial fitness were passed upon by

the grantor when giving the land. The very instrument which created the estate put forward the trustee as the person who was to represent those interested therein when it became necessary to deal with third persons. On this principle cestuis que trust are bound by his non-action for a time long enough for him to be barred by the statute (Civil Code, § 3773); they are bound by his loss of a loan made in good faith to a person then solvent (*Walker* v. *Walker*, 42 *Ga.* 135); by his receipt of funds which other prudent men then took as currency (*Campbell* v. *Miller*, 38 *Ga.* 304); by a compromise honestly and in good faith made by him (*Maynard* v. *Cleveland*, 76 *Ga.* 53 (6)). They are likewise bound by the results of suits instituted or defended by him for the benefit of the estate (*Gunn* v. *James*, 120 *Ga.* 482); and this is so even if the judgment is rendered by default. *Sanders* v. *Houston*, 107 *Ga.* 59 (4). See *Ferris* v. *VanIngen*, 110 *Ga.* 102 (6, 7), where the minor was held bound by the conduct of the mother to whom a year's support for herself and child had been set apart.

In proceedings by a trustee to get a benefit personal to himself, or to secure the right to exercise a power not granted by the trust deed or not implied by law, cestuis que trust must be made parties. *Meyer* v. *Butt*, 44 *Ga.* 468; *Snelling* v. *American Freehold Co.*, 107 *Ga.* 854. But it required neither express power in the deed nor an order from the chancellor to authorize or require the trustee to defend and preserve the estate committed to his care. That was a prime duty imposed by his appointment. *Schley* v. *Lyon*, 6 *Ga.* 535; *Bourquin* v. *Bourquin*, 120 *Ga.* 115. The beneficiaries under this deed were, therefore, not necessary parties to the suit brought by the trustee to preserve the corpus as against the claim asserted by Butler. In the absence of fraud or collusion they were bound by the decree that the title of Butler was superior to that created for them by the deed of settlement. *Sanders* v. *Houston Co.*, 107 *Ga.* 55, 56; *Snelling* v. *American Freehold Co.*, 107 *Ga.* 854; *Knorr* v. *Raymond*, 73 *Ga.* 750 (10 *a*); *Smith* v. *Cook*, 71 *Ga.* 705.

But the plaintiffs in error contend, that even if the decree in the former suit would ordinarily have bound them, it has no such effect here, because of the allegation in the bill that it was the result of fraud on the part of Butler. Where litigation is pending,

and by the fraud of one party the other is prevented from making his defense, or induced to withdraw his plea, appeal, or motion for a new trial, or where by reason of fraud a judgment apparently conclusive is rendered, relief therefrom may be had by appropriate proceedings. *Everett* v. *Tabor*, 119 *Ga.* 130. If a consent judgment is taken under an agreement that it is to be used only in a particular way, after a certain time, or only against designated property, the party will be held to his contract, and equity will enjoin against another or different use being made of the judgment. *Markham* v. *Angier*, 57 *Ga.* 43. But it will be noticed that in these classes of cases the judgment was either originally void because fraudulently obtained, or its enforcement was enjoined because it was being used contrary to the terms of the very agreement on which it had been entered. In the present case the contract calls for exactly the form of decree which was taken, as well as for the exact use which was to be made under it. There is no allegation that at the time of making the contract Butler fraudulently intended not to pay the price for the decree operating as a quasi conveyance to the land already held by him under the sheriff's deed. There is therefore nothing to bring the case even within the analogy of the principle of the Civil Code, § 3531.

In pleadings, epithets and hard words are not sufficient to make out a case of fraud when relief is asked because of its existence. While a demurrer admits facts properly pleaded, it "does not admit a fraud charged, except so far as the facts establish or constitute a fraud. A merely pro forma statement . . will not do. The fact must be stated, that the court may judge whether they amount to fraud or not." *Bellamy* v. *Woodson*, 4 *Ga.* 175; *Shaifer* v. *Baker*, 38 *Ga.* 135; *Kilgo* v. *Castleberry*, Ib. 512 (3); *Powell* v. *Parker*, Ib. 634 (1). Fraud is subtle and slight circumstances may be sufficient to establish its existence. But the pleadings should at least indicate some of the slight circumstances intended to be proved. Some issuable and specific fact should be stated, so as to put the defendant on notice, even if it be only a charge that he fraudulently intended, while insolvent, not to pay. In the present case there is an utter absence of such allegation, and the only fact relied on to constitute fraud in 1895, when the judgment was taken, is Butler's failure, on demand in 1900, to comply with the former promise. But while a subsequent breach

of a contract affords ground for relief, it does not constitute fraud infecting and vitiating the validity of the original agreement. This is particularly so in the present case, where the very contract required that the execution under the decree now attacked for fraud was to be levied on certain land, which was thereupon to be bought in by Butler, and the property should then be conveyed by him by absolute deed to H. W. Miller and his wife. The original petition, therefore, set out no cause of action based upon the allegations of fraud.

Nor did the amendment save the case. It may be, that, as indicated in the speaking demurrer, the land passing under the trust deed is now in the hands of bona fide purchasers; that either for this reason, or because the plaintiffs apprehend that the deed from Willis Miller to H. W. Miller, trustee, might be successfully attacked by Butler, they ask in the alternative for damages for the breach of the contract under which the consent verdict was taken. The amendment does not attack the contract as void because the consideration moved to H. W. Miller and wife, instead of to H. W. Miller, trustee. Instead of treating it as void, the amendment treats the contract as valid. But if so, the cause of action thereon was not in the cestuis que trust. They were not promisees. *Hawkins* v. *Central R. Co.*, 119 *Ga.* 159. The right to enforce the contract was not in the trustee or the beneficiaries, but in H. W. Miller and wife. The demurrer to the petition as amended was therefore properly sustained. If a part of the plaintiffs have one cause of action and the rest another, they must assert the same in separate suits. If all or a part of the beneficiaries have a cause of action against Butler alone, or against Butler and the trustee, they must institute a different form of action. Whatever may be the rights of the parties in another suit, there was no error in sustaining the demurrer to the present proceeding; and the judgment is

> *Affirmed. All the Justices concur.*