## RANZAU v. DAVIS.

(158 Pac. 279; 165 Pac. 1180.)

ON MOTION TO DISMISS.

**Appeal and Error—Sufficiency of Sureties.**

1. On motion to dismiss, in the absence of legislative authority, the Supreme Court will not consider the sufficiency of the sureties upon the undertaking on appeal.

**Appeal and Error—Substantial Controversy.**

2. Suit to enjoin levy and sale of land on the ground that plaintiff is the true owner raises a substantial controversy whether plaintiff is the owner of the property, and whether, if it is found to be his, it can be subjected to payment of the debt of another, though the land has already been sold on execution and such sale confirmed.

ON THE MERITS.

**Trusts—Construction—Interest of Trustee.**

3. Evidence *held* to show that in conveying property to a daughter-in-law in trust for grandchild it was the intention of the settlor that trustee and her husband should have a beneficial interest in the property during their son's minority.

**Trusts—Trustee's Right to Disbursements—General Rule.**

4.   It is a general rule that disbursements which will be allowed a trustee will depend much upon the character of the trust and the directions given by the instrument of trust.

**Trusts—Trustee's Right to Disbursements—Upkeep of Premises.**

5.   If a trustee has the power of managing the estate, he will be entitled to all the expenses of keeping it up, such as hire of servants, salaries, taxes, costs of repairs, rebuilding farm houses, manuring, draining, fencing and other like expenses.

**Trusts—Expenditures for Which Estate is Liable.**

6.   To create a liability against a trust estate in favor of a third person, there must be more than the mere personal engagement of the trustee, for the expenses of properly administering a trust, although a lien on behâlf of the trustee on the estate in his hands, are, not so as to a person employed by him, and in such cases the only remedy is against the trustee personally unless he is insolvent.

**Trusts—Construction—Interest of Trustee—Deed to Mother for Son's Benefit.**

7.   A deed to a mother as trustee, if executed for the benefit of the son when he shall reach majority, clothes her with an executory trust, which does not become executed until the son reaches majority.

**Trusts—Executory—Vested Title in Beneficiary.**

8.   So long as a trust is executory the legal title cannot vest in the beneficiary.

**Trusts—Management of Property—Operation of Farm.**

9.   Where funds which were given to a daughter-in-law in trust for her son with the intention that she and her husband should have the benefit thereof until the son's majority were invested in a farm, the trustee and her husband had authority to operate the farm so as to yield an income for the purposes of the trust.

> [As to control by courts of equity of discretion of trustee, see note in 6 Am. St. Rep. 885.]

**Trusts—Necessary Expenditures—Liability of Estate.**

10.   A trust estate was liable for services necessary for cultivating the property and caring for crops raised thereon which was in the interests of the beneficiary and for the benefit of the estate, since the trustee now insolvent had she paid such expenses would have had a just claim against the estate therefor.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

Upon motion to dismiss appeal. The defendant Davis obtained a judgment in an action for the recovery of money against John P. Ranzau and Dorothea

V. Ranzau, his wife, and thereafter had an execution issue thereon with directions to the sheriff to levy upon and sell certain real property, in satisfaction of such judgment. The plaintiff herein who is the minor son of the defendants in the action at law, then commenced this suit to enjoin the levy and sale of the real property upon the ground that he is the owner thereof. A trial was had in the lower court and from a decree dismissing the suit and ordering a sale of the property upon execution the plaintiff has appealed to this court and defendants move to dismiss the appeal.

MOTION DENIED.

*Mr. Charles E. Lenon* and *Mr. Charles L. McNary,* for the motion.

*Mr. Walter C. Winslow, contra.*

MR. JUSTICE BENSON delivered the opinion of the court.

The motion is based upon two contentions: (1) That the sureties upon the undertaking on appeal are insufficient; and (2) that the appellant did not file a *supersedeas* bond and that the sheriff has already sold the land upon execution and such sale has been duly confirmed and that therefore there is no substantial controversy upon which this court is called to pass.

1. Considering these contentions in the order indicated, we may say that there is no record before us upon which to base any conclusions as to the sufficiency of the sureties and, if there were, counsel has failed to call our attention to any statutory provision authorizing us to pass upon such question, nor have we in our investigation been able to discover any. The right of appeal is purely statutory and in the absence of legislative authority we must decline to consider the matter.

2. The second contention is also without merit. The suit raises the issue as to whether, under the facts alleged, the plaintiff is the owner of the property and whether, in the event it is found to be his, it can be subjected to the payment of the debt of another. The fact that it has already been so applied does not dispose of it since if this court should reverse the decree the plaintiff would be entitled to restitution. The case of *Dimick* v. *Latourette,* 72 Or. 231 (143 Pac. 896), which is relied upon by the defendants is not in point, since in that case a reversal of the decree could not have reached the money already paid. The motion is therefore denied.  MOTION TO DISMISS DENIED.

MR. JUSTICE EAKIN absent.

———————

Affirmed July 3, 1917.

ON THE MERITS.

(165 Pac. 1180.)

This is a suit by Arthur J. Ranzau, by Dorothea V. Ranzau, his guardian *ad litem,* against J. C. Davis and William Esch, sheriff of Marion County, Oregon, in which the defendants obtained a decree in their favor and the plaintiff appealed. The facts are set forth in the opinion of the court.  AFFIRMED.

For appellant there was a brief over the names of *Mr. Charles E. Lennon, Mr. John H. McNary* and *Mr. Charles L. McNary,* with oral arguments by *Mr. Lennon* and *Mr. John H. McNary.*

For respondents there was a brief and an oral argument by *Mr. Walter C. Winslow.*

Department 2.    MR. JUSTICE BEAN delivered the opinion of the court.

This suit involves the question as to whether or not the farm described in the complaint is subject to an execution upon a judgment in favor of defendant Davis obtained for services performed, boarding help, and expenses incurred raising and harvesting a crop of hops on the land. The trial court held that the property was liable for the debt and plaintiff appealed.

The plaintiffs assert that the real estate is the property of Arthur J. Ranzau, a minor; that the same is held in trust by Dorothea V. Ranzau, his mother. The circumstances relating thereto are about as follows: The grandfather of the alleged beneficiary, John P. Ranzau, at different dates advanced money to his daughter-in-law. She testifies that in 1897 she and her husband borrowed $1,100 to pay off hop-pickers; that at one time her father-in-law advanced $500 for the purchase of an organ and a team of horses for her husband; that in 1908 he purchased town property in Grants Pass of the value of $3,000, taking a deed in the name of his daughter-in-law, and furnished a home for them; that about 1900 he advanced $1,400 which was used to redeem property belonging to her mother-in-law; that in 1901 he supplied $1,100 for a hop-house and the purchase of 160 acres of adjoining land. According to Mrs. Ranzau's testimony a short time before the death of her father-in-law he told her to destroy the book in which the memorandum of the money loaned and expended had been kept, to put this money aside for his grandchild, and to invest it in real estate when he became twenty-one years of age. She states that in the meantime "I and my husband was to have the benefit" and he said "for me to put in trust for my son." The Ranzaus resided

for a time in Grants Pass. On selling the property there they went to Woodburn where Mrs. Ranzau invested in real estate. Selling out in the latter place they went to Portland where they again invested in property which they sold. After that they purchased the farm in question in Marion County in 1909, paying down about four or five thousand dollars and having between $500 and $1,000 of their funds remaining. The deed was executed to "Dorothea V. Ranzau, trustee, and her successors and assigns." In 1911 they purchased an adjoining farm. The property was all adapted to raising hops and they carried on the business, keeping a bank account in different banks in the name of Dorothea V. Ranzau, Trustee, where deposits were made of considerable sums, at one time depositing $5,000, the proceeds of the sale of hops. Mrs. Ranzau also gave notes to the bank signed as trustee. In 1914 the defendant Davis performed the services and advanced money for the expenses mentioned in the cultivation of the hops and in picking and caring for the same. He was paid for his work mostly in checks by Mrs. Ranzau as trustee, that is up to July. From then until December of that year his labor and the expenditures made by him were not liquidated.

There is considerable controversy in regard to whether the deed was executed to Mrs. Ranzau, as trustee, for the benefit of her son, or for the purpose of avoiding the payment of indebtedness. She claims that she stated to Mr. Davis that the property belonged to her son, and yet in her testimony she refers to the fact of having given a mortgage for $8,000 on her farm, the one in question, to the Portland Trust Company of Oregon. Considering the property as held in trust the directions given by the settlor when

he attempted to make the gift were oral and it is not perfectly clear what his desires were.

3. Taking the most favorable view of the facts as claimed by the plaintiff, we understand that the grandfather was desirous of assisting his son and daughter-in-law. On account of the son's habits he preferred to advance the money and convey the property to his daughter-in-law with the request that when the grandchild arrived at the age of majority it should be invested for him. The purchase of a home in Grants Pass for his son and his wife and also the loan to pay the hoppickers were concrete examples of the manner in which they should use the property. His acts speak with greater clearness than his words. It seems that Mrs. Ranzau has managed the property and the funds derived therefrom with a view to carrying out his intentions, sometimes making losses and sometimes gains. It therefore appears that the trustee and her husband have a beneficial interest in the property as long as their son is a minor.

4, 5. It is a general rule that the disbursements that would be allowed a trustee would depend very much upon the character of the trust and the directions given by the instrument of trust. If a trustee has the power of managing an estate he will be entitled to all the expenses of keeping it up, such as the hire of servants, salaries, taxes, costs of repairing, rebuilding farm houses, manuring, draining, fencing, and other expenses of that kind: 2 Perry on Trusts, § 913. It is stated in 28 Am. & Eng. Enc. of Law (2 ed.), at page 942:

"The estate is not liable for obligations assumed by the trustee in excess of his authority; but the estate will be liable if the trustees are acting within the limits of their stated powers or with implied authority. Thus, trust property which has been embarked

in business, under a power, is primarily liable to creditors for debts incurred in conducting the same";

citing, among others, *North Am. Coal Co.* v. *Dyett,* 7 Paige (N. Y.), 9; *Mathews* v. *Stephenson,* 6 Pa. St. 496; *Woddrop* v. *Weed,* 154 Pa. St. 307 (26 Atl. 375, 35 Am. St. Rep. 832).

6. A transaction to create a liability against the estate in favor of a third party must be more than the personal engagement of the trustee, for while the expenses of properly administering a trust are a lien on behalf of the trustee on the estate in his hands, this right against the estate, unless in exceptional cases, does not extend to the person employed by him. In general their only remedy or compensation is against the trustee personally unless he is insolvent. In a case in Iowa, however, it was held that where a claim against the estate is adjudicated with all parties interested before the court, and the amount found due is adjudged to be made from the trust property, the trustee cannot complain because the judgment was not rendered against him personally: *Smith* v. *Walker,* 49 Iowa, 289.

7, 8. The deed to the mother, as trustee, if executed for the benefit of the son when he shall reach the age of majority, clothes her with an executory trust which does not become executed while the son is a minor, and so long as a trust is executory the legal title cannot vest in the beneficiary: *Boyd* v. *England,* 56 Ga. 598; *Sanders* v. *Houston etc. Warehouse Co.,* 107 Ga. 49, 53 (32 S. E. 610).

9. It appears that the settlor, John P. Ranzau, Sr., placed the property in the hands of the daughter-in-law with the intention that she and her husband should have the benefit thereof at least until the son was of

85 Or.—3

age. A portion of the funds derived from the alleged gift were invested in the two farms which were naturally adapted only to agricultural purposes. It was therefore the duty of the trustee, and she necessarily had implied authority in order to carry out the wish of the settlor, to assume the management and control of the property for the benefit of the usees whomsoever they might be. There was as much reason and authority for the trustee with the assistance of her husband to operate the farm herself as to lease it out to others for the purpose of cultivation. We think it was her manifest duty to make such use of the property as would cause it to yield an income for the purpose and benefit of those for whom it was contemplated by the grandfather.

10. The debt, therefore, contracted by her as trustee, which was necessary in the cultivation of the farm and in carrying on the business, is a debt which is created for the benefit of the estate within the contemplation of the law: *Sanders* v. *Houston etc. Warehouse Co.*, 107 *Ga.* 49, 53 (32 S. E. 610); 28 Am. & Eng. Enc. of Law (2 ed.), 942, notes.

The answer expressly alleges and the unquestioned proof shows that the services performed by Davis and the expenditures made by him were necessary and indispensable for the purpose of cultivating and caring for the crop of hops raised on the farm for the enhancement of the interest of the beneficiary. The trust property is subject to the debt so incurred: See authorities cited above. It appears from the evidence that at one time the sum of $5,000 received from the sale of hops was deposited in the bank to the credit of the trustee and that by means of the hop industry she was enabled to liquidate a considerable portion of the deferred payments for the purchase price of the

farms. It is apparent that there can be no profit in a farm without cultivation. Labor, and the food for laborers engaged in training the vines and picking the hops are among the first essentials necessary to the successful operation of a hop farm, for the betterment of the estate, and to prevent it from becoming profitless and deteriorating in value. The debt of the defendant belongs to a different class, and is clearly distinguishable from obligations incurred in the purchase of merchandise for the use of a *cestui que trust* entirely disconnected with the trust estate, and from the personal obligations of the trustee. The trustee and her husband have no other property subject to execution. She is practically insolvent except for any interest which she may have in the premises in question, all of which, together with the interest of her husband, is subject to the execution.

In England the rule is that where the trustee is authorized to carry on a business and to employ certain funds or property for that purpose, a creditor of the business has a right to the benefit of the lien which the trustee has against the property devoted to the purpose, subject to any equities between the trustee and the *cestui que trust,* none of which appear in this class: 2 Lewin on Trusts, p. 862. If Mrs. Ranzau, the trustee, had paid for the balance of the labor and expenditures of defendant Davis in relation to the hops, could there be any question but that she would have a just claim against the estate for the same? We think such a claim would be sanctioned by the courts. When the matter is properly before the court, a creditor who assisted in the business should not be disappointed in payment so far as the funds dedicated are concerned: *Strickland* v. *Symons,* 26 Ch. D. 248; Lewin on Trusts, p. 862, note. The distinction made

in England as to "dedication to particular trade pur-
poses" is not always maintained in the United States,
but the rights of the creditor to reach the trust prop-
erty, directly, are based upon analogous reasons. It
is stated in 3 Pom. Eq. Juris. (3 ed.), p. 2104, note, as
follows:

"Where expenditures have been made for the bene-
fit of the trust estate, and it has not paid for them,
directly or indirectly, and the estate is either indebted
to the trustee, or would have been if the trustee had
paid, or would be if he should pay the demand, and
the trustee is insolvent or non-resident, so that the
creditor cannot recover his demand from him, or will
be compelled to follow him to a foreign jurisdiction,
the trust estate may be reached directly by a proceed-
ing in chancery."

See *Norton* v. *Phelps,* 54 Miss. 467; Ames' Cas. on
Trusts, 421.

In *Gisborn* v. *Charter Oak Life Ins. Co.,* 142 U. S.
326, 337 (35 L. Ed. 1029, 12 Sup. Ct. Rep. 277), Mr.
Justice BREWER, in delivering the opinion of the court,
said that, in mining, it is not a trustee's duty to stop
work the moment a vein is lost, and that, though it
could not be foretold in advance how great had been
the displacement, it was a reasonable exercise of the
power vested in the trustee to make some limited ex-
ploration to see if the lost vein could not be recovered,
and that reasonable expenses thus incurred are charge-
able upon the trust estate.

The subjection of the property in question to the
satisfaction of the debt of defendant is in effect apply-
ing the issues and profits of the farm, namely the
proceeds of a former hop crop which were used in
paying for the realty, to the liquidation of such in-
debtedness, and in equity and good conscience this
should be done. It is the province of a court of equity

to lend its aid in the fair administration of a trust, but not to exercise its jurisdiction for the purpose of defrauding one for labor and expenses bestowed upon property claimed to be, or held in trust.

For at least two reasons, the interest of the Ranzaus in the property, and the circumstances and conditions of the trust estate, the judgment of the Circuit Court which had the benefit of hearing all the witnesses and so was in a good position to pass upon the merits of the case, should be affirmed, and it is so ordered.

Affirmed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice McCamant concur.