25586. FARKAS *et al.* trustees, *v.* STEPHENS *et al.* trustees.

STEPHENS, J. 1. A trustee of an estate, after the trust has become executed and the trustee has no powers to perform other than to turn over the property to the cestui que trust, can not make any contract binding on the estate. It is essential to the enforcement of a claim against a trust estate, for articles or property furnished for the use of the estate, that at the time of the furnishing of the articles or property there was a subsisting trust.

2. In a suit against alleged trustees to recover for articles alleged to have been furnished by the plaintiff to the trustee for the use of the trust estate, the petition fails to set out a cause of action where it does not appear that at the time the articles or property were furnished the trust was executory and had not become executed.

3. Where it appears from the petition that the trust estate was created by a trust deed with one of the defendants as trustee, and there appears nothing in the deed or elsewhere in the petition to show that at

the time the articles were furnished the trust was executory, the allegations are insufficient to show that the trust was an executory one.

4. Where the deed creating the trust was executed about ten years before the furnishing by the plaintiff of the property sued for, and conveyed the property to one of the defendants, "Ida Stephens, for herself and as trustee for her children hereinafter named," although no children are named in the deed, it does not appear from the deed that at the time the articles and property sued for were furnished the trust was executory. For all it appears, the beneficiaries named in the deed may, before the furnishing of the articles and property, have become sui juris and the trust executed. *Sanders* v. *Houston Guano & Warehouse Co.*, 107 *Ga.* 49 (32 S. E. 610), and other cases relied on as holding that the trust created is executory, are distinguishable in that in those cases some of the beneficiaries were children to be afterwards born; and there being a possibility of future issue, the trust for this reason was not executed but was still executory.

5. A provision in the deed which reserved to the grantor, who is the other defendant, "the right to manage and control said premises so long as he lives, and at his death the management of same shall vest absolutely in said Ida Stephens as trustee for the sole and separate use of herself and her children by grantor," and that the grantor reserved the "right to sell the whole title to the premises upon the written consent of said Ida Stephens for reinvestment for like use and trust at any time without order of court," reserved no legal title in the grantor as trustee, and reserved no beneficial interest in the grantor as a cestui que trust, but secured to him only the right to manage and control the property so long as he lived, as agent only for the trustee.

6. The petition, in which Ida Stephens, the named trustee in the deed, and the grantor therein, Titus Stephens, were sued as trustees, to recover the cost of property alleged to have been furnished by the plaintiff to one of the defendants as trustee for the use of the trust estate, as provided in the Code, § 108-501, failed to set out a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided December 2, 1936.

*Leonard Farkas, Walter H. Burt,* for plaintiffs.
*E. L. Smith,* for defendants.