## BOYD LUMBER COMPANY *et al.* v. MILLS.

1. A deed executed in blank is void. Where a grantor signed, sealed, and delivered a paper in the form of a deed, with the understanding that the agent of the grantee, to whom actual delivery was made, might thereafter insert therein a description of the property intended to be conveyed, and where such agent, after delivery, did insert a description of the property, nevertheless the deed is void.

2. But such a deed may be ratified; and instruments acknowledging or ratifying a deed previously made are not required to be of the same formality as the deed itself, or to have more than one witness.

3. A vendor of timber, on receipt of the purchase-money, delivered a deed, executed by him in blank, to the agent of the grantee, with direction to such agent to insert in the deed a description of the timber, which was done. Two months thereafter, the grantor, by a writing entered on the original deed and signed by him in the presence of a witness, acknowledged the deed and corrected the description of the timber. Afterward the grantee conveyed the timber to a corporation formed by him and the stock of which was owned by him and his family. Equity will not, at the instance of the grantor in a proceeding filed by him two years after the sale, either cancel the deed or reform it because the description of the property omitted an exception of certain timber which is claimed to have been excepted in the contract of sale.

MAY 16, 1917.

Equitable petition. Before Judge Cox. Grady superior court. March 6, 1916.

E. M. Mills filed a petition against the Boyd Lumber Company and L. A. Boyd, alleging that he was the owner of certain timber which he sold to L. A. Boyd. The sale was negotiated by E. L. Lester as agent for Boyd. On receipt of the purchase-money, the plaintiff, desirous of taking a train which was due in a few minutes, at his own suggestion signed, sealed, and delivered to Lester as agent of Boyd a blank deed, with instructions to Lester to insert therein a description of the property. Lester filled in the blank, and the deed was promptly recorded. A copy thereof is attached to the petition, and thereon appears the following endorsement: "Georgia, Grady County. Know all men by these presents, that whereas in the sale of my timber on the following described lands in the 16th district, to wit: Lots of land 296, 304, and 305, being the timber lands owned by me on said lands, being the land that had been leased by turpentine operators to L. A. Boyd of Coffee County, Alabama, the district was left out of the contract of sale by mistake, and for the purpose of correcting same, I hereby certify that said contract of sale should read that the said land lies in the 16th district of Decatur County, Georgia; and I hereby empower and authorize the said L. A. Boyd or his agents to incorporate in said deed the words, "in the 16th District," the same as I might do myself, and I hereby ratify and confirm the action in doing so. Witness my hand and seal, this 17th day of April, 1913. E. M. Mills. Attest, S. P. Cain." Boyd formed a corporation, the stockholders of which are he and his family, and he is its president. Boyd conveyed the timber to the corporation. The corporation, more than two years after the sale of the timber by petitioner, began to cut some dead timber which petitioner alleges was not embraced in the sale. He then inspected the records and discovered that the deed to the timber did not except the dead timber and the trees around his house, which were excepted in the sale. He offered to refund the purchase-money with interest, less deduction for damages. The prayer was, for damages, and for reformation of the deed, or, if such relief is denied, that the deed be canceled. He subsequently amended his petition by alleging that on a named day, after the commencement of his suit, he tendered a certain amount, which represented the purchase-price

and interest, less the damages accrued from the defendants' al-leged trespass. The defendants filed demurrers, general and special, which were overruled, and they excepted.

*T. S. Hawes,* for plaintiffs in error. *W. V. Custer,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. A deed executed in blank is void for lack of a subject-matter upon which it can operate. A grantor who delivers a paper in the form of a deed duly signed by him, which contains no description of the property intended to be conveyed, can not by parol, after such delivery, authorize the grantee to fill in the description. The reason for this rule has been thus stated by Emerson, J., in Gilbert *v.* Anthony, 1 Yerger, 69 (24 Am. D. 439) : "Deeds are evidence of a higher nature than parol contracts, and there are great and important distinctions between the operation and effect of these different species of contracts. The reason of which is that the first are supposed to be made upon greater deliberation and with greater solemnity; they are first to be written, by which they are exempted from that uncertainty arising from the imperfection of memory to which unwritten contracts must always be exposed; they are then to be sealed by the party to be bound, and lastly to be delivered by him, which is the consummation of his resolution; none of this deliberation, and little of this solemnity, is to be found in the signing and sealing of a blank piece of paper, on which anything may afterwards be written, and whether with or without the consent of the person who signed it must depend entirely on oral testimony, subject not only to the uncertainty arising from the imperfection of human memory, but exempted from those checks on perjury which would exist in the case of a deed regularly executed, which could only be altered by erasure or interlineation." Moreover, a contract for the sale of timber, which is an interest in land, is required by the statute of frauds to be in writing, and it would contravene the statute to permit the alteration of a deed after delivery, by addition or otherwise, solely upon oral authority.

2. A void deed may be ratified by a subsequent writing. Instruments acknowledging or ratifying a deed previously made are not required to be of the same formality as the deed itself, or to have more than one witness. *Hadden* v. *Larned,* 87 *Ga.* 634 (6), 642 (13 S. E. 806). The effect of the endorsement on the deed was a full ratification of the prior deed. It expressly referred to

the sale of the timber in the prior deed, and its whole purpose was to correct a mistake in the description of the property conveyed.

3. No explanation is given why the vendor did not discover the alleged mistake he now sets up, when he was verifying the deed. No fraud or artifice appears to have been practiced upon him; the language of the deed is plain and unambiguous; the vendor had the deed before him, and must be presumed to have read it, as he undertook to correct the description of the property conveyed; the ratifying instrument is dated just two months after the deed which it purports to correct; and under these circumstances the failure of the vendor to call attention to the alleged mistake and act accordingly was gross negligence. Two years pass by, and then for the first time he undertakes to assert his alleged equitable right against a purchaser from his vendee, and to charge such purchaser with notice of his secret equity, on the theory that knowledge of the agent of his vendee is to be imputed to his vendee, and also to a corporation purchasing from his vendee, because the latter is a stockholder and president of it. We think the petition is without equity, and it should have been dismissed on demurrer.

*Judgment reversed. All the Justices concur.*