## McGehee *v.* Pope *et al.*

Per Curiam. Where a person, having a wife and daughter, makes a will disposing of all of his property, in which will both the wife and daughter are devisees, and afterwards executes a deed conveying to the wife certain real estate which constitutes the bulk of his property, which the daughter alleges is null and void because obtained by fraud and undue influence, and should for this reason be canceled, the daughter has such an interest, pending the probate of the will, as will entitle her to injunctive relief, restraining the grantee in the deed from disposing of the property thereby conveyed, and for cancellation of the deed, either as devisee if the will is set up or as heir at law if it is not set up. In *Murray* v. *McGuire,* 129 *Ga.* 269 (58 S. E. 841), and *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700), the plaintiffs were proceeding solely in their capacity as heirs at law, and not in the alternative capacity of devisees or heirs at law.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 6471. January 15, 1929.

*Anderson, Rountree & Crenshaw* and *Granger Hansell,* for plaintiff in error.

*Howell, Heyman & Bolding,* contra.