McLARTY *v.* ABERCROMBIE *et al.; et vice versa.*

Nos. 7060, 7094.   JUNE 12, 1929.   REHEARING DENIED JULY 19, 1929.

744

*J. R. Hutcheson, W. L. Bryan,* and *Smith, Hammond, Smith & Bloodworth,* for plaintiff.

*Astor Merritt* and *C. M. James,* for defendants.

GILBERT, J. The questions arising on the motion to dismiss will be first discussed. In the cross-bill of exceptions it is complained that the court erred in not sustaining the "motion to dismiss" upon each and every ground. The questions as stated in

the brief of counsel for defendants will be discussed seriatim. "Can a suit be maintained by a devisee under a will for the recovery of the property devised, without alleging an assent to the devise by the executor of said will?" "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Civil Code (1910), § 3895. It was held in *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), and other cases like it, all cited by counsel, that "The petition in this case is not maintainable as one merely for the construction of a will; for, under section 4597 of the Code of 1910, only the representative of the estate may ask for the direction of a court. Construed as a petition by a legatee for the recovery of property devised in a will, a construction of the instrument may be invoked as a basis for such recovery. But in such case the petition must allege that the administrator has assented to the devise, or wrongfully refuses to assent. The petition does not conform to the above-stated requirements; and therefore the court did not err in sustaining the demurrer. *Lester* v. *Stephens,* 113 *Ga.* 495 (3), 499 (39 S. E. 109)." That principle is well established, but it is not applicable to this case. The will of the testator having been proved in solemn form, and the executor having refused to take any steps to set aside a conveyance by the testator which would defeat the devise to the plaintiffs if the deed was good, the plaintiffs would have a right to bring a suit to cancel said deed of testator on the ground of lack of mental capacity to make it. As to right to bring suits to establish inchoate rights, see *Ezell* v. *Mobley,* 160 *Ga.* 872 (129 S. E. 532). The petition is not attacked in the demurrer on the ground that in a suit to cancel the deed of a deceased grantor the administrator of the deceased is a necessary party. It is alleged that the executor refused to bring this suit or any other proceeding to cancel the deed and recover the property. So we hold that there is no merit in this contention. *McGehee* v. *Pope,* 167 *Ga.* 622 (146 S. E. 455).

"Can a devisee under a will maintain a suit to set aside a deed made by a testator who had never been adjudged insane, on the ground that at the time of the execution of the deed testator did not have sufficient mental capacity to contract?" In *McGehee* v. *Pope,* supra, it was decided that "Where a person, having a wife

and daughter, makes a will disposing of all of his property, in which will both the wife and daughter are devisees, and afterwards executes a deed conveying to the wife certain real estate which constitutes the bulk of his property, which the daughter alleges is null and void because obtained by fraud and undue influence, and should for this reason be canceled, the daughter has such an interest, pending the probate of the will, as will entitle her to injunctive relief, restraining the grantee in the deed from disposing of the property thereby conveyed, and for the cancellation of the deed, either as devisee if the will is set up or as heir at law if it is not set up. In *Murray* v. *McGuire,* 129 *Ga.* 269 (58 S. E. 841), and in *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700), the plaintiffs were proceeding solely in their capacity as heirs at law, and not in the alternative capacity of devisees or heirs at law." The principle of that ruling is applicable here, and controls the decision as to the second question. In this case the right to bring the suit is even more clear, because the petitioners are legatees under the will and the will has been probated in solemn form. The grantor in the deed is dead, these petitioners are legatees under the will, the executor refuses to move in behalf of the legatees; and in these circumstances a court of equity will not deny them a hearing and relief, if the allegations are supported by proof. The following cases cited, as ruling a contrary principle, are not in conflict: *Avery* v. *Sims,* 69 *Ga.* 316; *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487); *McClure Realty &c. Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204).

"Do the allegations of the petition of the plaintiff, as amended, show an affirmative ratification of the deed or contract attacked by the personal representative of the estate, or by the plaintiff, if she has not any right of action to set aside said contract?" We think the court did not err in holding that the allegations did not show ratification. The allegations of the petition, properly construed, show that the acts of petitioner, which defendants contend amount to ratification, were done in ignorance and because of fraud on the part of defendants. In deciding the merits of the demurrer the allegations must be accepted as true.

■ The court erred in ordering a nonsuit. Under the evidence submitted by petitioners, the jury would have been authorized to return a verdict for the petitioners and against the defendants.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*