**20071.   TURNER *et al. v.* TRUST COMPANY OF GEORGIA, Trustee, *et al.***

ARGUED MAY 14, 1958—DECIDED SEPTEMBER 5, 1958.

344

*Paul Webb, Jr., Thomas B. Branch, Jr., Bertram S. Boley,* for plaintiffs in error.

*Frazer Durrett, Jr., G. Arthur Howell, Jr., C. Baxter Jones, Jr., James M. Sibley, L. C. Warren, Sr., pro se, Sutherland, Asbill & Brennan, James P. Groton,* contra.

HAWKINS, Justice.   (After stating the foregoing facts.)

There can be no serious question as to the right of the benefici-
aries of a trust to apply to a court of equity to protect the trust
property upon the refusal or failure of the trustee to do so.
*McGehee* v. *Pope,* 167 *Ga.* 622 (146 S. E. 455); *McLarty* v.
*Abercrombie,* 168 *Ga.* 742 (149 S. E. 30); President & Trustees
of Bowdoin College *v.* Merritt, 54 Fed. 55; and compare *Denny*
v. *Gardner,* 149 *Ga.* 42 (99 S. E. 27); *Jones* v. *Gann,* 184 *Ga.*
722 (193 S. E. 174). Thus, had the trustee taken no action with
respect to the transaction here involved, the beneficiaries would
have been authorized to bring and prosecute their suit to set aside
the issuance of Class "A" stock, the trustee having declined the
request of the beneficiaries to bring such an action, and having
notified the beneficiaries that if such a suit should be brought,
it would have to be brought in the names of the beneficiaries and
at their expense. However, such action on the part of the trus-
tee cannot properly be construed as an express consent to the
beneficiaries to bring such a proceeding. On the contrary, it was
merely a refusal on its part to institute such a proceeding and
a statement that, if such a proceeding should be brought, it
would have to be brought in the name of the beneficiaries and at
their own expense. That it was not an express consent by the
trustee for the bringing of such a suit by the beneficiaries is con-
clusively shown by the fact that, before the bringing of any such
suit by the beneficiaries, the Trust Company filed the present
suit against the representatives of the predecessor trustee, seek-
ing an accounting and a judgment against his estate for the
alleged wrongful self-dealing by the issuance of Class "A" stock
to the predecessor trustee while acting as a director and officer
of the issuing corporation and as trustee of the trust property,
and in which proceeding the beneficiaries were made parties de-
fendant with the right to set up in this proceeding any claims
they might have concerning the transaction, and in which
proceeding as amended it was prayed that the beneficiaries be
restrained from proceeding with their minority stockholders' suit
or elsewhere except in the present case until further order of the
court. The first question presented is, whether the trial court
erred in restraining the beneficiaries from proceeding with their
separate suit, and from otherwise proceeding except in the action

filed by the trustee until further order of the court. It is well settled that where, as here, the instruments creating the trust confer upon the trustee discretionary power to be exercised according to its judgment, a court of equity will not interfere to control the trustee, acting bona fide, in the reasonable exercise of its discretion. *Papot* v. *Gibson*, 7 *Ga.* 530; *Semmes* v. *Mayor &c. of Columbus*, 19 *Ga.* 471. In *Miller* v. *Butler*, 121 *Ga.* 758, 759 (49 S. E. 754), it is said: "Where the title to property is put in one person for the benefit of others, the latter take cum onere. The skill, ability, and solvency of the trustee operate to their advantage. But as to acts within the scope of his express or implied powers, they must suffer the consequences when they ultimately prove detrimental to the beneficiaries. The remedy in such a case is not to undo what has lawfully been done, but to proceed against the trustee *(Clark* v. *Flannery,* 99 *Ga.* 239), whose personal and financial fitness were passed upon by the grantor when giving the land. The very instrument which created the estate put forward the trustee as the person who was to represent those interested therein when it became necessary to deal with third persons. On this principle cestuis que trust are bound by his non-action for a time long enough for him to be barred by the statute (Civil Code [1895] § 3773 [now Code § 3-710]); they are bound by his loss of a loan made in good faith to a person then solvent *(Walker* v. *Walker,* 42 *Ga.* 135); by his receipt of funds which other prudent men then took as currency *(Campbell* v. *Miller,* 38 *Ga.* 304); by a compromise honestly and in good faith made by him *(Maynard* v. *Cleveland,* 76 *Ga.* 53 (6)). They are likewise bound by the results of suits instituted or defended by him for the benefit of the estate *(Gunn* v. *James,* 120 *Ga.* 482); and this is so even if the judgment is rendered by default. *Sanders* v. *Houston,* 107 *Ga.* 59 (4). See *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (6, 7), where the minor was held bound by the conduct of the mother to whom a year's support for herself and child had been set apart." See also annotations following Trout *v.* Pratt, 106 Va. 431 (56 S. E. 165, 8 L. R. A. (N.S.) 398); III Scott on Trusts (2d ed.), 2144-2148, §§ 282, 282.1.

The trial court in rendering its judgment in this case said:

"I do not believe a trustee is bound to take the course of action demanded by some of the beneficiaries. For illustration, let us assume a trust of which there are four beneficiaries . . . and each demands a separate and distinct type of action. The trustee must exercise its judgment and take the risk of such liability as may result therefrom. But if the trustee pursues one course of action I do not believe the beneficiaries whose demands were not met can themselves thereupon each independently bring a separate type of action each asserts to be the better one under the circumstances. It is a matter of judgment as to which course of action should be taken and unless the trustee refuses to take any action I do not believe the other separate actions by the beneficiaries can be maintained. In exercising its judgment the trustee must necessarily consider the effects each course of action will have upon the trust assets. And it must be remembered that in this case the trust assets are 3,000 shares of stock in the Warren Company now in the possession of the trustee and which were the original trust corpus and these shares must be protected and preserved. If the successful bringing of a minority stockholders' suit to cancel the alleged illegally issued stock would result in destroying the bank credit necessary to the successful operation of the business or otherwise bring financial disaster to the company (as it might well do in this case), such a course of action would not be sound in protecting the assets of the trust, to wit: the 3,000 shares of stock it holds as trustee. The trustee cannot ignore all else in its eagerness to follow the wishes of a portion of the beneficiaries. Indeed, it must exercise its proper judgment regardless of the wishes of the beneficiaries. . . There has been no showing that the present trustee abused its discretion in taking the course of action of bringing this suit rather than acceding to the demands of some of the beneficiaries to . . . bring a minority shareholders' suit; and it is the opinion of the court that the petitioner as successor trustee is entitled to the interlocutory relief sought by it."

Under the evidence in this case, we cannot hold that the trial judge abused his discretion in granting the interlocutory injunction restraining the beneficiaries from proceeding in their

action, and from otherwise proceeding except in this action until further order of the court, for in *Sapp* v. *Ritch*, 169 *Ga.* 33 (3) (149 S. E. 636), it is held: "In hearings upon applications for interlocutory injunctions, where the evidence upon material issues of fact is in conflict, the grant or refusal of applications is within the discretion of the chancellor,. and the exercise of his discretion in granting or refusing the relief prayed for will not be controlled unless manifestly abused." See also *Voyles* v. *Carr*, 173 *Ga.* 627 (1) (160 S. E. 801); *Ray* v. *Ray*, 208 *Ga.* 733 (1) (69 S. E. 2d 261). The beneficiaries are not precluded by the restraining order granted from setting up their claim in this proceeding. This being a proceeding in equity, and the beneficiaries and all others who have asserted any rights in the subject matter in either of the proceedings here involved being parties thereto, "They may all be heard, and their rights and liabilities settled in this one suit, and the whole matter finally adjudicated." *Blaisdell* v. *Bohr*, 68 *Ga.* 56, 61. See also *Booth* v. *Stamper*, 10 *Ga.* 109, 116; *Fine* v. *Saul*, 183 *Ga.* 309 (188 S. E. 439).

■ It is insisted by the plaintiffs in error that the trial court erred in ordering that "Petitioner, Trust Company of Georgia as trustee may proceed with this action for the relief sought in the original petition in this case." The original petition sought an accounting and the recovery of a money judgment against the executors of the predecessor trustee growing out of the issuance of 4,080 shares of Class "A" stock to the predecessor trustee. The beneficiaries, in their response to the plaintiff's petition, prayed that, should that stock not be canceled, the trustee be directed to seek a recovery of the stock in kind, rather than a money judgment, and in paragraphs 7 and 9 of their response as amended the plaintiffs in error set out the reasons why they contend this relief should be sought rather than that prayed for by the successor trustee; and in support of their contentions cite General Petroleum Corporation of California *v.* Dougherty, 117 Fed. 2d 529, 539 (7), where it is held: "Where a trustee in violation of his trust has changed the trust property or its proceeds into other property, the cestui que trust has his option, either to hold the substituted property

liable to the original trust, or to hold the trustee liable for breach of the trust. United States *v.* Dunn, 268 U. S. 121, 45 S. Ct. 451, 69 L. Ed. 876; Oliver et al. *v.* Piatt, 3 How. 333, 44 U. S. 333, 11 L. Ed. 622; Lathrop *v.* Bampton, 31 Cal. 17, 89 Am. Dec. 141. This right or option of the cestui que trust belongs exclusively to him, and it is not in the power of the trustee to deprive him of it." See also, in this connection, 90 C. J. S. 848, § 439 (a) ; 54 Am. Jur. 193, § 250.

The foregoing authorities have no application to the situation here presented. This is not a suit by the beneficiaries against the alleged unfaithful trustee, but is one brought against the personal representatives of the deceased predecessor trustee by a successor trustee whom the trial court has found under the evidence to be acting in good faith and according to its judgment within the discretionary power vested in it by the one creating the trust, and comes within the ruling made in the first division of this opinion that a court of equity will not interfere to control a trustee acting bona fide in the reasonable exercise of its discretion. In Hart *v.* Citizens National Bank, 105 Kan. 434, 438 (185 Pac. 1, 7 A. L. R. 933, 936), that court, in dealing with a situation somewhat similar to that presented by the record here, said: "After the spoliation occurred, a new trustee was appointed. As soon as Lillian M. Prager qualified as trustee, she took title to the trust estate, and became vested with all rights of action pertaining to the trust and trust property. The beneficiaries had no title to the trust property, no control over it, and no right of action growing out of its management and disposition. The new trustee had a complete, matured cause of action against both her unfaithful predecessor and the bank for devastavit, and a variety of remedies were available to her. She alone could pursue them." See also III Scott on Trusts (2d ed.) 2205, 2206, § 294.4. We cannot hold that the trial judge erred in ordering that the trustee may proceed with its action for the relief sought in the original petition in this case.

*Judgment affirmed. All the Justices concur.*