## 28832. HARRELL v. STOVALL.

NICHOLS, Presiding Justice.

This is an action for specific performance of a written contract to sell a described tract of land located in Cobb County, Georgia. The seller appealed from judgments of the trial court overruling a motion for judgment on the pleadings and granting of summary

judgment to the purchaser.

The contract called for 25.2 acres of land to be paid for with a definite down payment and described instalment payments. It then called for a survey of the tract and the exact purchase price to be $9,000 per acre to the nearest one thousandth acre as shown by the survey. The survey was made and showed the tract of land to contain 25.404 acres.

The complaint alleged a continuing tender and a refusal of the seller to accept any tender as well as an absolute refusal of the seller to close the contract.

1. Equity does not require a vain and useless thing. *Finney v. Blalock,* 206 Ga. 655, 660 (58 SE2d 429). Thus the allegation of the complaint which showed the absolute refusal on the part of the seller to close was sufficient to satisfy any requirement of tender by the purchaser.

2. The contract contemplated a possible discrepancy in the amount of land to be conveyed and provided for an adjustment in the total purchase price to cover such contingency down to one thousandth of an acre. The purchase price stated for the assumed amount of acreage in the tract was $9,000 per acre and the adjustment, if any, required in the purchase price as a result of the survey provided for the same purchase price to wit: $9,000 per acre. There could be no misunderstanding with regard to the total purchase price.

As to the contracts where no mention is made as to the time of payment the legal construction is that it is payable presently. See *Hawkins v. Studdard,* 132 Ga. 265, 271 (63 SE 852, 131 ASR 190). Under the contract here the difference in the acreage would have to be paid in cash and not made a part of the instalment payments.

2. The deposition of the seller was taken for use on the plaintiff's motion for summary judgment. No question as to the value of the land was raised and the defendant testified that the reason he wouldn't close was, because of tax problems, he was getting too much down payment. This testimony removed any question as to inadequacy of consideration and presents a stronger case than did *Deal v. Dickson,* 231 Ga. 366 (202 SE2d 41).

The contract was definite and the trial court did not err in overruling the defendant's motion for a judgment on the pleadings and in granting the plaintiff's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Ingram, J., who is disqualified.*

ARGUED MAY 14, 1974 — DECIDED MAY 28, 1974 — REHEARING DENIED JUNE 12, 1974.

*Flournoy & Still, Charles A. Evans,* for appellant.
*Reed & Friedewald, R. M. Reed, James Friedewald,* for appellee.