## 29602. ROCKMART BANK v. DOSTER.

NICHOLS, Chief Justice.

This is an appeal from an order affirming a special master's report recommending that the cancellation of record of a security deed be removed.

Charles Doster purchased land at a foreclosure sale and claims title by virtue of a deed under power of sale contained in a senior security deed. After the sale the holder of the security deed caused it to be canceled of record. Doster brought this action in the Superior Court of Polk County under the provisions of Code Ann. § 37-1411 et seq., asking that the cancellation be removed. It is his position that the security deed is a muniment of his title and that its cancellation of record constitutes a cloud thereon. The appellant Rockmart Bank is the holder of a junior security deed which it obtained from the equitable owner of the property prior to foreclosure under the power contained in the senior security deed. In opposition to the removal of the cancellation the bank filed defenses and a motion to dismiss for failure to state a claim, alleging in substance that there was no power of sale authorizing the foreclosure sale and that the sale and Doster's deed under power of sale are void. It is the bank's position that the senior security deed having been satisfied, its own security deed now constitutes the senior lien on the property.

The case was referred to a special master. The recorded instruments placed in evidence show that Ralph F. Greene granted a security deed containing a power of sale to the predecessor of the Georgia International Life Insurance Company. Greene later conveyed the subject property by warranty deed to Joseph and Janet Centenni. Greene, the insurance company, and the Centennis then executed an "Assumption Agreement" whereby the

Centennis agreed to assume the indebtedness underlying the company's security deed. Under the agreement the Centennis expressly authorized the company to exercise the power of sale contained in the security deed upon the lapse of a described insurance policy, any such lapse constituting a default on the underlying indebtedness. After the agreement was executed, the Centennis granted a security deed to the Rockmart Bank subject to the insurance company's security deed.

The insurance company then foreclosed and conveyed the property to Doster by deed under power of sale. Doster's deed recited that it was conveyed by the company as attorney in fact for the Centennis under the power of sale contained in the security deed it held from Greene. The evidence showed that the proceeds of the sale were applied to fully satisfy the indebtedness underlying the company's security deed. The bank then garnisheed the company for the balance of the proceeds in partial satisfaction of the bank's security deed. After the sale was held and after Doster's deed under power was executed, the insurance company caused its security deed to be canceled of record.

The special master recommended that the cancellation be removed. The trial court overruled the bank's motion to dismiss, overruled its exceptions to the special master's report, and affirmed the report. The bank appeals from these rulings upon a certificate of immediate review.

The assumption agreement shows on its face the authority given by the Centennis, the equitable owners, to the insurance company to sell the property under the power contained in its security deed from Greene. The conveyance to Doster must be treated as valid until set aside in a proper proceeding for that purpose. *Burgess v. Simmons,* 207 Ga. 291, 299 (61 SE2d 410); *Fraser v. Rummele,* 195 Ga. 839 (3) (25 SE2d 662); *Williams v. Williams Co.,* 122 Ga. 178, 181 (50 SE 52). The sale, unchallenged in a proper proceeding, divested the bank of its junior encumbrance on the property. *Mutual Loan & Bkg. Co. v. Haas,* 100 Ga. 111 (27 SE 980). The bank therefore has no standing to complain as to the relief sought by appellee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 18, 1975.

*Marson G. Dunaway,* for appellant.
*Gammon & Anderson, Joseph N. Anderson,* for appellee.