## 54301. HOME MART BUILDING CENTERS, INC. v. WALLACE et al.

MCMURRAY, Judge.

Home Mart Building Centers, Inc. contends it furnished materials in the construction of a dwelling of J. B. Sampselle and We Built, Inc. in Carroll County, Georgia, and a materialmen's lien was filed against the property on the 25th of June, 1974, allegedly "within three (3) months, since same was furnished." Thereafter, suit was filed against We Built, Inc. and J. B. Sampselle. Sampselle answered, admitting that he owned the property but denied the claimed indebtedness. He subsequently sought a third party action against his predecessor in title, J. R. West, alleging that West is or

may be liable to Sampselle for all or part of the claim set forth by plaintiff by reason of the warranty of title of the property to him by deed. We Built, Inc. answered, denying generally the entire claim.

Plaintiff thereafter obtained leave to amend the complaint showing that on August 5, 1975, Peoples Bank had foreclosed on the property and at the foreclosure sale said property was "brought in" by W. J. Wallace, d/b/a Wallace Building Supply Co., and that he is now the record owner of said property and that he should be made a co-defendant in this action, seeking a general judgment against Wallace, as well as a judgment granting a special lien on said land and to foreclose the lien on said real estate against the defendant Wallace. Wallace then became a party defendant.

On August 27, 1975, Sampselle was dismissed with prejudice by the plaintiff. Wallace, as successor in title to Sampselle, answered denying generally the claim adopting all defenses of Sampselle as available to him since he was the successor in title to Sampselle and that the action as amended failed to state a claim against him. Wallace moved for dismissal after the plaintiff had dismissed the complaint against Sampselle with prejudice, contending that no claim would thereafter be pending against him on which relief can be granted in that if Wallace was in fact any way liable, it was because of Sampselle and that has been adjudicated with prejudice without damages. The third party defendant West was thereafter dismissed and he is no longer involved in the litigation. The motion of Wallace was sustained, and he was likewise dismissed.

Plaintiff appealed prematurely from the judgment dismissing Wallace, and this appeal was dismissed in *Home Mart Bldg. Centers, Inc. v. Wallace,* 139 Ga. App. 49 (228 SE2d 22). The case then proceeded to trial after a pre-trial order, and a general judgment was rendered against the defendant We Built, Inc. Plaintiff again appeals the dismissal of Wallace. *Held:*

It is noted that no lien was filed against Wallace but against J. B. Sampselle who was dismissed from this action with prejudice. Wallace purchased at the foreclosure of the property by the bank. Plaintiff alleges

that certain materials were furnished and used in the construction of the real property prior to the encumbrance of the property by the security deed held by Wallace's grantee, and consequently its lien relates back to a time prior to the lien recorded by Peoples Bank. It is true the lien of a materialman, if properly created and declared, attaches from the time the work under the contract is commenced, and the material becomes a part of the realty, and takes priority over the title acquired, with actual notice of the claim of lien by the subsequent grantee even if the deed be superior in time of recording to the claims of lien. *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787 (102 SE 528); *Guaranty Invest. &c. Co. v. Athens Engineering Co.,* 152 Ga. 596, 598 (6) (110 SE 873). But no equitable action has been alleged here to set aside the deed to Wallace, and at law the priority of recording controls. See *Dwight v. Acme Lumber &c. Co.,* 183 Ga. 139, 141 (187 SE 668); *Caldwell v. Northwest Atlanta Bank,* 194 Ga. 370 (1) (21 SE2d 619). Wallace (provided he was a bona fide purchaser) obtained title at the foreclosure sale and this created a title free from the junior liens, bypassing them and also extinguishing the equity of redemption. See *Mutual Loan &c. Co. v. Haas,* 100 Ga. 111 (1), 114 (27 SE 980); *Atlantic Life Ins. Co. v. Ryals,* 48 Ga. App. 793 (173 SE 875); *Rockmart Bank v. Doster,* 233 Ga. 748, 749 (213 SE2d 645). Wallace's deed would be valid until set aside by a court of equity. No effort has been made to do this in this case, and Wallace's title is superior to the claim of lien.

But, in addition, Wallace, as purchaser of the property at foreclosure obtained with that title, "however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants, of warranty of title, or of quiet enjoyment, or of freedom from encumbrances, contained in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." Code Ann. § 29-301 (Ga. L. 1935, p. 112; 1962, p. 540; 1971, p. 814). Wallace was a subsequent purchaser who will be affected by the equities between previous parties. See *Martin v. Gordon,* 24 Ga. 533, 535. Thus,

when plaintiff dismissed Sampselle with prejudice on its own motion it lost any right to claim any materialmen's lien thereafter against a successor in title of Sampselle.

For both of the foregoing reasons, the court did not err in dismissing Wallace, the subsequent purchaser.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 17, 1977.

*Gilbert & Bone, James H. Bone,* for appellant.

*Johnson, Beckham & Prince, J. Eugene Beckham, Jr., Tisinger, Tisinger & Vance, J. Thomas Vance, Smith & Hamrick, Dewey Smith,* for appellees.