In the Matter of JAMES G. HUNT TRUCKING CO., INC., Debtor.

CORDELE BANKING COMPANY, Movant,

v.

JAMES G. HUNT TRUCKING CO., INC., as Debtor, as Debtor in Possession, Respondent.

Bankruptcy No. 90–50280.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

May 14, 1990.

Jerome L. Kaplan, Macon, Ga., for Cordele Banking Co.

Ward Stone, Jr., Macon, Ga., for James G. Hunt Trucking Co., Inc.

Mark Roadarmel, Staff Atty., Macon, Ga., for U.S. Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Cordele Banking Company, Movant, filed a motion for relief from the automatic stay of the Bankruptcy Code on February 6, 1990. Movant seeks to recover real estate of James G. Hunt Trucking Co., Inc., Debtor.[1] Movant contends that it holds a first lien on the property. A hearing was held on April 3, 1990. Debtor objects to the motion, contending that Movant's lien is not valid. The Court, having considered the evidence presented and the arguments and briefs of counsel, now publishes this memorandum opinion.

Debtor executed a deed to secure debt dated October 29, 1986, in favor of Movant. The security deed was filed for record on November 5, 1986. Movant uses a "short form" security deed which provides a space less than two inches long for the legal description. The legal description of Debtor's property, however, is about eleven inches long. The legal description was typed on a separate sheet from the security deed.

Ms. Faye Atkins, vice president and loan officer of Movant, testified that she prepared both the security deed and legal description. She testified that she physically attached, using tape, the legal description to the security deed in the space provided for the legal description. She testified that the legal description was attached to the security deed when it was executed. Debtor's president and secretary executed the security deed and impressed the corporate seal. The security deed is properly attested. Debtor's president and secretary also signed the bottom of the legal description. The legal description was not attested. The testimony of Debtor's president is unclear as to whether the legal description was taped to the security deed when it was executed.

When Movant sent the security deed to the Crisp County Courthouse for filing, the legal description was taped to the security deed. The tax commissioner detached the legal description and stamped "Georgia Intangible Tax Paid" in the two-inch space provided for the legal description. The clerk of superior court, through the photo-

---

1. Movant also requested relief from the automatic stay concerning Debtor's personal property. Movant and Debtor filed a consent order providing for adequate protection on this property. That property, therefore, is not pertinent to this memorandum opinion.

copying process, created a two-page filing in the deed records that contains the complete legal description of the real estate. This was properly recorded in the county deed book. The original security deed was returned to Movant with the legal description stapled to the security deed.

Debtor executed a deed to secure debt dated July 10, 1989, in favor of Central Savings Bank, FSB. The real estate conveyed is the same property which Debtor previously conveyed to Movant. Central Savings Bank's security deed was executed by Betty Jean Wade Hunt, the president of Debtor. The preamble shows that Betty Jean Wade Hunt is the grantor. This security deed does not reference Movant's security deed. Central Savings Bank's security deed was filed for record on July 17, 1989.

Debtor filed a petition under Chapter 11 of the Bankruptcy Code on January 26, 1990. Movant moved for relief from the automatic stay under section 362(d) of the Bankruptcy Code[2] on February 6, 1990. Movant contends that the real estate is essentially vacant, that the property is declining in value, that Debtor has no equity in the property, and that the property is not necessary for an effective reorganization. Debtor objects, contending that Movant's lien is invalid because the security deed does not contain a legal description.

When a hearing is held to determine whether a party in interest should be granted relief from the automatic stay, section 362(g) of the Bankruptcy Code,[3] allocates the burden of proof as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C.A. § 362(g) (West 1979).

The party opposing a creditor's motion for relief from the stay thus has the burden of proof on all issues except for equity. *Overhead Door Corp. v. Allstar Building Products, Inc. (In re Allstar Building Products, Inc.)*, 834 F.2d 898, 899 (11th Cir.1987).

■ Movant must be a "party in interest" to seek relief under section 362(d). Movant must have a security interest in the property to be a "party in interest." *See generally United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Movant's security deed was filed of record prior to Central Savings Bank's security deed. Debtor contends, however, that Movant's security deed is invalid because it does not contain a legal description. The validity of Movant's security deed is determined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (property interests are created and defined by state law).

■ Under Georgia law, a deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void. *Dangler v. Rutland*, 229 Ga. 439, 440, 192 S.E.2d 156, 156 (1972). In *Boyd Lumber Co. v. Mills*,[4] the Supreme Court of Georgia stated:

---

**2.** 11 U.S.C.A. § 362(d) (West Supp.1990). This section provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C.A. § 362(d) (West Supp.1990).

**3.** 11 U.S.C.A. § 362(g) (West 1979).

**4.** 146 Ga. 794, 92 S.E. 534 (1917).

1. A deed executed in blank is void for lack of a subject-matter upon which it can operate. A grantor who delivers a paper in the form of a deed duly signed by him, which contains no description of the property intended to be conveyed, can not by parol, after such delivery, authorize the grantee to fill in the description. The reason for this rule has been thus stated by Emerson, J., in *Gilbert v. Anthony*, 1 Yerger, 69 (24 Am.D. 439): "Deeds are evidence of a higher nature than parol contracts, and there are great and important distinctions between the operation and effect of these different species of contracts. The reason of which is that the first are supposed to be made upon greater deliberation and with greater solemnity; they are first to be written, by which they are exempted from that uncertainty arising from the imperfection of memory to which unwritten contracts must always be exposed; they are then to be sealed by the party to be bound, and lastly to be delivered by him, which is the consummation of his resolution; none of this deliberation, and little of this solemnity, is to be found in the signing and sealing of a blank piece of paper, on which anything may afterwards be written, and whether with or without the consent of the person who signed it must depend entirely on oral testimony, subject not only to the uncertainty arising from the imperfection of human memory, but exempted from those checks on perjury which would exist in the case of a deed regularly executed, which could only be altered by erasure or interlineation."

146 Ga. at 796, 92 S.E. at 535.

Movant and Debtor disagree as to whether the legal description was attached to the security deed when it was executed. Movant's vice president and loan officer testified that the legal description was taped to the security deed when it was executed. The testimony of Debtor's president on this question is unclear. She testified that the legal description was on the front page of the security deed, but does not recall that it was attached by either tape or staples. She does remember signing two pieces of paper. The Court, having heard the testimony and having observed the demeanor of the witnesses, is persuaded that the legal description was attached to the security deed when it was executed.

The Court now turns to the question of whether the security deed contains a legal description. If Movant's security deed does not contain a legal description, then it is void and Movant's claim is unsecured. Movant, therefore, would not be entitled to relief from the automatic stay under section 362(d). Movant's security deed does not state that the legal description is "incorporated by reference." Neither Movant nor Debtor have cited any Georgia authority which is on point.

The Court has reviewed decisions from other states in which the legal description was attached to the deed by tape or glue. *See Russell v. Russell*, 99 Idaho 151, 578 P.2d 1082, 1086 (1978) (Bistline, J. concurring) ("[m]any are the form deeds which have been recorded in Idaho with a long legal description over-flap glued on where space on the form did not suffice"); *see also Mid–State Homes, Inc. v. Anderton*, 291 Ala. 536, 283 So.2d 426, 428 (1973) (substitute property description was placed over original description by use of Scotch tape); *Argyle v. Slemaker*, 107 Idaho 668, 691 P.2d 1283, 1285 (1984) (property description attached by tape to deed and bears the initials of notary public who acknowledged signatures on deed); *Schwartz v. Coldwell Banker Title Services, Inc.*, 178 Ill.App.3d 971, 128 Ill.Dec. 73, 533 N.E.2d 1161, 1162 (1989) (new legal description typed on separate piece of paper was taped over original legal description); *National Bank of Commerce v. May*, 583 S.W.2d 685, 688 (Tex.Civ.App.1979) (security deed had a taped-on attachment for the property description); *In re Estate of Wilson*, 17 Wash.App. 741, 565 P.2d 1189, 1190 (1977) (deed appeared regular on its face and did not appear suspicious even though top of property description page was glued to middle of form deed in the property description section).

In the case at bar, Debtor intended to convey a security interest in the property.

Debtor does not contend that there was any mistake, fraud, duress, or illegality. The legal description and security deed were signed simultaneously. Both the original and certified copy of Movant's security deed clearly show the property which Debtor intended to convey. Movant's deed was filed of record before Central Savings Bank's deed was filed.

Debtor urges the Court to reject the "taped legal description" as against public policy. It asserts that the legal description was detached from the security deed on numerous occasions. The Court notes, however, that legal documents frequently are detached for photocopying. This should not impair their legal effect.

The Court is persuaded that Debtor has failed to carry its burden. Accordingly, the Court must grant Movant's motion for relief from the automatic stay.

An order in accordance with this memorandum opinion will be entered this date.