A90A2296. BRUNSWICK FLOORS, INC. v. CARTER et al.
(403 SE2d 855)

BIRDSONG, Presiding Judge.
Brunswick Floors, Inc., sued James and Rozine Carter for payment of $4,807.12 for floor covering installed in the Carters' home while it was being built. Brunswick Floors first billed the contractor, Fendig, who had an account at Brunswick Floors. After Fendig declared bankruptcy, Brunswick Floors brought this suit against the Carters upon a "Proposal" which Mrs. Carter signed. The Carters paid Fendig the entire contract price for their home.

The trial court denied Brunswick Floors' motion for directed verdict. The jury returned a verdict in favor of Mr. and Mrs. Carter; the trial court denied judgment n.o.v. to Brunswick Floors and awarded attorney fees and expenses of litigation to the Carters on grounds the suit had lacked "substantial justification." *Held:*

1. Appellant contends it had an unambiguous contract with the Carters for payment. This document is entitled "Proposal." It provides: "We . . . submit specifications and estimates for: [specified floorings]." It then provides: "We propose hereby to furnish material and labor . . . for the sum of *[$3,542]*, payment to be made as follows: *[blank]*."

This document appears on its face to be what it says it is: a *"proposal"* of *"specifications and estimates."* It contains no provision for payment by the Carters and no provision as to how payment is to be made. Although the "acceptance" provides "[p]ayment will be made as outlined above," there is no such outline of payment, but merely appellant's proposal "to furnish material and labor . . . for the sum of [$3,542]." The "acceptance" signed by the Carters is an approval of the specifications and estimates, but this approval does not amount to any agreement to pay. Appellant says that according to *Harrell v. Stovall*, 232 Ga. 359, 360 (206 SE2d 493), "where no mention is made as to the time of payment the legal construction is that it is payable presently," but in that case there was obviously a promise to pay, "with a definite down payment and described instalment payments."

Before the question of the meaning of a contract is put to a jury, the trial court must first find that it is ambiguous; to determine whether the contract is ambiguous, the trial court must *first* apply the rules of contract construction. See generally *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 417-418 (349 SE2d 201), rev'd on other grounds at 257 Ga. 77 (355 SE2d 428). These rules allow a consideration by the trial court of "[a]ll the attendant and surrounding circumstances" (OCGA § 13-2-2 (1); see *Brooke v. Phillips Petroleum Co.*, 113 Ga. App. 742 (149 SE2d 511)) and "[t]he custom of any business or trade." OCGA § 13-2-2 (3); *MacDougald Constr. Co. v. State Hwy. Dept.*, 59 Ga. App. 708 (2 SE2d 197), rev'd on other ground, 189 Ga. 490 (6 SE2d 570). In light of the attendant circumstances and the custom in the trade, this document is merely the owners' approval of a subcontractor's "Proposal" of specifications and cost of materials and labor, which both the subcontractor (appellant) and the owners expected the contractor to pay. Since it contains no promise by the Carters to pay, we find no ambiguity in it.

The evidence and all reasonable deductions, viewed in favor of the jury's verdict, do not demand a finding for appellant; the trial court correctly denied appellant's motion for judgment n.o.v., and could not have erred in denying directed verdict. OCGA § 9-11-50; see *Gordon v. Frost*, 193 Ga. App. 517, 518 (388 SE2d 362).

2. Appellant's complaints as to certain jury charges and admission of evidence are without merit. In any case, since this "Proposal" is not ambiguous and does not bind the Carters to pay, the trial court would have been justified to grant judgment to them. Appellant

would not be entitled to a verdict in any case, and so is not entitled to a reversal of this verdict on grounds of any trial error.

3. OCGA § 9-15-14 authorizes an award of attorney fees and expenses of litigation where the trial court finds the case was brought or defended without "substantial justification." OCGA § 9-15-14 (a), (b) and (c). Inasmuch as we find no ambiguity as to the meaning of this "Proposal" which could result in a verdict for appellant, and under the other facts of the case, the trial court did not abuse its discretion in finding the suit lacked "substantial justification," that is, that it was "substantially groundless." See OCGA § 9-15-14 (b). The award was supported by evidence admitted upon motion properly made.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991 —
REHEARING DENIED MARCH 15, 1991 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*W. Douglas Adams*, for appellant.
*Lee & MacMillan, Thomas J. Lee*, for appellees.