A92A1603. ATLANTA ECONOMIC DEVELOPMENT
CORPORATION v. RUBY-COLLINS, INC.
(425 SE2d 673)

COOPER, Judge.

This is a construction contract dispute involving a claim by appellee, a general contractor, against appellant, the owner and developer of an industrial park, for damages resulting from delays in a construction project. We granted this interlocutory appeal to consider whether the trial court erred in denying appellant's motion for partial summary judgment. In its sole enumeration of error, appellant contends its motion for partial summary judgment on the issue of damages for delay should have been granted because the contract between the parties provided that appellee waived its right to damages for delay.

Appellant and appellee executed a written contract under which appellee agreed to widen a parkway and extend a culvert in return for a set sum. As their contract, the parties used a form published by the American Institute of Architects ("AIA"), the "Abbreviated Form of Agreement Between Owner and Contractor." The parties incorporated into their contract the bid package prepared by engineers hired by appellant. The bid package contained a suggested contract form different from the AIA contract signed by the parties in many respects. The AIA contract did not contain a provision waiving damages for delay; however, paragraph 3 of the contract form in the bid pack-

age contained an alleged no-damages-for-delay clause which stated as follows: "The Owner hereby agrees to pay the Contractor for the faithful performance of this Agreement and as full compensation for everything furnished and done by the Contractor under the Contract, subject to addition and deduction as provided in the specifications or proposal, in lawful money of the United States, the sum of

_____ ,

which sum shall also pay for losses or damages arising out of work aforesaid, or from the action of the elements or from unforeseen obstructions or difficulties encountered in the prosecution of the work, and replacing defective work or material for a period of one (1) year [from] completion."

The contract form in the incorporated bid package was unsigned, and the lines provided for entry of the sum to be paid were left blank as they are here. The engineers' suggested contract form was contained on pages 3-6 of the incorporated bid package, the rest of which included the notice to contractors, appellee's bid, general specifications of the job and special provisions regarding the work required. Other terms of the AIA contract executed by the parties provided that a flat sum would be paid appellee "provided that the scope of the work does not change"; that the time for completion of the work would be extended in the event of delays beyond appellee's control; and that appellee was responsible for coordinating work on the project.

Appellant argues that the parties bound themselves by the terms of the unexecuted contract form in the bid package when they incorporated that package into their agreement, and therefore that paragraph 3 of that form, viewed in light of the provisions of the executed AIA contract noted immediately above, unambiguously waived damages for delay. Even if the parties' agreement unambiguously incorporated the bid package as a whole, however, the omitted price term in paragraph 3 renders the paragraph and the parties' intent to incorporate and be bound by the terms of that paragraph ambiguous. Moreover, this ambiguity is compounded by the very circumstance that the executed contract purported to incorporate a draft, unexecuted contract form, particularly in light of the fact that this unexecuted form was a relatively small portion of a larger incorporated document containing work specifications which were clearly an essential part of the parties' agreement and were logically the intended target of the incorporation of the document. See OCGA § 13-2-2 (1) (in interpreting a contract, "[a]ll the attendant and surrounding circumstances may be proved . . ."); see also *Brunswick Floors v. Carter*, 199 Ga. App. 110, 111 (1) (403 SE2d 855) (1991). In short, we believe the parties in this case could easily have agreed to incorporate the package containing

the unused contract form without intending to be bound by terms of that form. Appellant cites no case in which an earlier, unexecuted form version of the same contract is incorporated by reference into a final agreement under circumstances such as these, and cases cited by appellant for the undisputed general proposition that a contract can incorporate by reference another document do not persuade us that incorporation of the form is what the parties intended or accomplished here.

Having concluded that the scope and effect of the incorporation provision was rendered ambiguous by the omitted price term, the nature of the incorporated documents and the circumstances surrounding the incorporation, we now attempt to resolve the ambiguity by applying pertinent rules of construction. See *Intl. Business &c. v. Archer Motor Co.*, 187 Ga. App. 97, 99 (369 SE2d 268) (1988). First, we note that although a provision waiving damages for delay will be enforced if it is clear and unambiguous, any ambiguity in the existence or coverage of such a provision must be construed against appellant, the drafter who seeks to rely on such a provision, because no-damages-for-delay provisions act as exculpatory clauses. See *Department of Transp. v. Arapaho Constr.*, 257 Ga. 269, 270 (357 SE2d 593) (1987). Second, we may consider parol evidence relevant to the parties' intent to incorporate the unexecuted contract form in general and paragraph 3 of that form in particular. See OCGA §§ 13-2-2 (1); 24-6-3 (b); *Manuel v. Manuel*, 239 Ga. 685, 689 (238 SE2d 328) (1977). Both parties attached affidavits to their briefs on the partial summary judgment motion below. Appellant's affidavit did not address or mention anything relevant to the parties' intent to incorporate the terms of the unexecuted contract form. However, the affidavit submitted by appellee stated that the AIA contract prepared by appellant and sent to appellee did not have the unexecuted contract form attached; that various changes to the AIA contract were negotiated and made but the contract form was never mentioned; that when the AIA contract was passed back and forth to make the necessary changes, the contract form was never attached or discussed; that appellant wanted to eliminate the words "provided the scope of work does not change" from the paragraph in the AIA contract providing for the payment of a lump sum, but appellee refused to accept that change; and that the actual executed copy of the final AIA contract forwarded by appellant to appellee did not have the contract form attached. We also note from the documents in the record that, although the parties did not specifically address delay damages in their executed AIA contract, they *did* specifically include in that contract an insurance provision that was part of the unexecuted contract form.

Applying the relevant rules of contract interpretation, it is clear that the ambiguity regarding the parties' intent to incorporate the

contract form in the bid package as a whole and paragraph 3 in particular cannot be resolved in favor of appellant. Thus, the trial court properly denied appellant's motion for partial summary judgment. At best there is a question of fact regarding the parties' intent to include a waiver of damages for delay in their agreement, and in light of appellee's undisputed evidence and the rule that the ambiguity should be construed against appellant, it is likely that partial summary judgment for appellee on this limited issue would have been appropriate.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, C. J., concurs in judgment only.*

DECIDED NOVEMBER 23, 1992.

*Alston & Bird, John I. Spangler III, Matthew H. Triggs*, for appellant.

*Schreeder, Wheeler & Flint, David Flint, Lynn C. Stewart*, for appellee.