A06A0492. FIELD v. MEDNIKOW et al.
(631 SE2d 395)

ELLINGTON, Judge.

Robyn R. Mednikow and Burt W. Redwine petitioned the Superior Court of Fulton County to set aside two quitclaim deeds from their deceased father to their sister, Debra R. Field. Field appeals from the trial court's orders (i) denying her motion to dismiss and (ii) granting summary judgment to Mednikow and Redwine. Finding no error, we affirm.

1. "Our review of the grant of a motion to dismiss is de novo. A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of its claim." (Citation, punctuation and footnote omitted.) *Lewis v. Ga. Dept. of Human Resources*, 255 Ga. App. 805, 806-807 (567 SE2d 65) (2002). In ruling on a motion to dismiss for failure to prosecute the action in the name of the real party in interest, the trial court may consider matters outside the pleadings under the provisions of OCGA § 9-11-43 (b). *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984).

The petition showed the following. Field, Mednikow, and Redwine were the heirs at law of the decedent. On May 23, 1999, the decedent executed a quitclaim deed to certain Atlanta property (the "Property") in favor of Field. However, the 1999 deed was not witnessed or recorded. In March 2000, the decedent executed another quitclaim deed to the Property in favor of Field. According to the petition, the 2000 deed failed to contain a legal description of the

Property. The petition further asserted that the decedent lacked the mental capacity to transfer the Property. Mednikow and Redwine asked the trial court to set aside the two deeds.

Field filed a motion to dismiss the petition, contending that Mednikow and Redwine were heirs at law and, therefore, not real parties in interest. In support of her motion to dismiss, Field submitted an affidavit with an attached estate tax return showing that the decedent had died testate on September 24, 2001, that Field, Mednikow, and Redwine were the beneficiaries under the will, that Field and Mednikow were co-executors under the will, that a petition to probate the will had been filed, and that the "estate remains open." Nothing in the record or the briefs suggests that anyone has challenged the will.

(a) Field claims that the trial court erred in denying her motion to dismiss because the co-executors of the estate, not the heirs at law, had the exclusive right to bring this action. We disagree.

As a general rule, an action by or against an estate must be brought or defended by the legal representatives of the estate. *McCarley v. McCarley*, 246 Ga. App. 171, 172 (539 SE2d 871) (2000). "The personal representative shall be entitled to possess and administer the entire estate." OCGA § 53-7-2. However, where the executor refuses to pursue a claim by the estate to set aside an allegedly invalid deed, the beneficiaries of the estate may assert the claim. "The grantor in the deed is dead, these petitioners are legatees under the will, the executor refuses to move in behalf of the legatees; and in these circumstances a court of equity will not deny them a hearing and relief, if the allegations are supported by proof." *McLarty v. Abercrombie*, 168 Ga. 742, 746 (149 SE 30) (1929). See generally *Turner v. Trust Co. of Ga.*, 214 Ga. 339, 345 (1) (105 SE2d 22) (1958) ("[t]here can be no serious question as to the right of the beneficiaries of a trust to apply to a court of equity to protect the trust property upon the refusal or failure of the trustee to do so") (citations omitted).

While the petition does not specifically allege that the executors refused to cooperate with the beneficiaries in bringing an action to set aside the deeds, such a refusal is apparent from the record. Field is the co-executor with her sister, Mednikow, and "personal representatives must act by their unanimous action." OCGA § 53-7-5 (a). Field contends that the Property is not part of the estate because the decedent deeded the Property to her before his death. Thus, Mednikow and Redwine could not be expected to ask Field to participate in an action on behalf of the estate to void the deed and recover the Property. "Equity does not require a vain and useless thing." (Citation omitted.) *Harrell v. Stovall*, 232 Ga. 359, 360 (1) (206 SE2d 493) (1974). Under these circumstances, Mednikow and Redwine had

standing to be heard in a court of equity. See *McLarty v. Abercrombie*, 168 Ga. at 746; *McGehee v. Pope*, 167 Ga. 622 (146 SE 455) (1929).

(b) Field claims that Mednikow and Redwine had no standing to bring this action as heirs at law. Although Mednikow and Redwine sued in their capacity as "heirs at law," they were also beneficiaries under the will. Therefore, they have demonstrated a sufficient interest in the Property to maintain a suit in equity for the cancellation of the deeds. See *McGehee v. Pope*, 167 Ga. at 622. Cases such as *Bowman v. Bowman*, 206 Ga. 262 (56 SE2d 497) (1949), and *Murray v. McGuire*, 129 Ga. 269 (58 SE 841) (1907), are distinguishable because the plaintiffs in those cases, who also challenged a pre-death transfer by the decedent and sued in their capacity as the decedent's heirs at law, were not named as beneficiaries in the decedent's will.

(c) Field further contends that the trial court erred in denying her motion to dismiss because the decedent's estate, by action of the co-executors, abandoned any claim against the Property. Again, we disagree.

The record shows that before the petition was filed, Field and Mednikow, as co-executors, signed a federal estate tax return which listed Field as the donee of the Property. Field argues that this evidence shows the co-executors had agreed that the Property was gifted to Field and had decided to abandon any claim to the contrary. "Personal representatives are authorized to compromise, adjust, arbitrate, assign, sue or defend, abandon, or otherwise deal with or settle debts or claims in favor of or against the estate." OCGA § 53-7-45.

The record shows that Field and Mednikow had been advised by the estate's attorney in September 2002 that the estate tax return "must" be filed as soon as possible, and that the estate's position, insofar as the dispute between Field, Mednikow, and Redwine regarding the Property, was to "sit neutral." "[A] taxpayer is expected to file a timely return based on the best information available and then file an amended return if necessary." (Citations omitted.) *Estate of Thomas v. Commr. of Internal Revenue*, 82 T.C.M. (CCH) 449 (2001). This lawsuit had not been commenced when the tax return was filed, and the general rule is that deeds are considered valid until set aside by a court. See *Rockmart Bank v. Doster*, 233 Ga. 748, 749 (213 SE2d 645) (1975). Thus, the information on the tax return was arguably consistent with the best information available to the estate at the time. Furthermore, given the correspondence from the estate's attorney, it is apparent that the estate did not intend to take any position with regard to the Property's status through filing the return, and Field does not show that the federal estate tax return was controlling for purposes of Georgia law. "The estate tax law does not change the law of property." *Ingalls v. Commr. of Internal Revenue*, 336 F2d 874,

876 (4th Cir. 1964). We conclude that the trial court was not required to dismiss the case in light of the co-executors' decision to sign the federal estate tax return. Accordingly, the trial court did not err in denying Field's motion to dismiss.

2. The trial court granted summary judgment to Mednikow and Redwine on their petition to set aside the 1999 deed and the 2000 deed on the basis that each deed lacked the elements required by Georgia law. Field now admits that the 1999 deed was invalid. Field contends, however, that the trial court erred in granting summary judgment to Mednikow and Redwine as to the validity of the 2000 deed. We disagree.

"A deed to lands must be in writing, signed by the maker, and attested by at least two witnesses. It must be delivered to the purchaser or his representative and be made on a good or valuable consideration." OCGA § 44-5-30. "A description of property contained in a deed must be sufficient to identify the land being sold." (Citations omitted.) *Harpagon Co. v. Gelfond*, 279 Ga. 59, 61 (1) (608 SE2d 597) (2005). The description's legal sufficiency is a question of law for the court. *Carden v. Carden*, 276 Ga. App. 43, 47 (1) (622 SE2d 389) (2005).

"Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. In evaluating whether summary judgment is proper, the evidence and all reasonable inferences drawn therefrom must be construed in the light most favorable to the nonmovant." (Citation omitted.) *Trans-Vaughn Dev. Corp. v. Cummings*, 273 Ga. App. 505 (615 SE2d 579) (2005). "Our review of the trial court's summary judgment ruling is de novo." (Citation omitted.) Id. at 507.

So viewed, the evidence shows the following. The decedent executed a quitclaim deed, dated March 10, 2000, which was witnessed, notarized, and subsequently recorded with the Clerk of the Superior Court of Fulton County. The first page of the 2000 deed provides that the decedent quitclaims to Field "the following described parcel of land . . . to wit:", but the space following the colon is blank. The second page of the deed contains the signatures of the decedent, a witness, and a notary. A third page is attached to the first two, but is titled "Executor's Deed," appears to be the first page of a 1976 deed to the decedent as grantee, is not identified as an exhibit or appendix to the 2000 deed, and is not signed by the decedent.

As shown by the foregoing, the 2000 deed does not identify the land it purports to transfer. "A deed executed in blank is void for lack of a subject-matter upon which it can operate." *Boyd Lumber Co. v. Mills*, 146 Ga. 794 (92 SE 534) (1917). Field avers that the third page was attached to the 2000 deed when it was executed, and she shows that the third page contains within it a legal description of the

Property. However, the body of the 2000 deed does not refer to any attachment containing the description of the land to be conveyed, and the third page does not purport to be an exhibit or appendix to the 2000 deed. Although Field relies on *In re James G. Hunt Trucking Co.*, 114 BR 312 (1990) (applying Georgia law), that case is distinguishable on its facts. Those facts show that, during execution of the security deed, the parties taped a separate page containing the legal description into the space provided by the form deed for the legal description. Id. at 313. The debtor also signed the legal description when the deed was executed. Id. Based upon these facts, the bankruptcy court found that the legal description was adequate and the deed was valid. Id. at 316. In this case, there was no attempt to directly incorporate the legal description into the space provided by the deed, the third page was not signed, and the third page purports to be part of a document other than the 2000 deed.

Field also contends that the 2000 deed contained two "keys" leading to the identification of the Property. She claims that the first key is contained in the consideration for the quitclaim deed, which is stated to be "all said repairs, taxes since 1996," because she repaired the Property and paid taxes on it. Field contends that the second key is the third page of the 2000 deed because it contains the legal description of the Property.

The description in a deed is sufficient "where it furnishes a key whereby the identity of the land may be made certain by extrinsic evidence." (Citation omitted.) *Harpagon Co. v. Gelfond*, 279 Ga. at 61 (1). A requirement for the admission of extrinsic evidence, however, is that the "premises are so referred to as to indicate [the grantor's] intention to convey a particular tract of land." (Citation omitted.) *White v. Plumbing Distrib.*, 262 Ga. App. 228, 230 (1) (585 SE2d 135) (2003). Accordingly, the 2000 deed's statement that payment for repairs and taxes is consideration is not a key because it does not indicate the decedent's intent to convey a particular tract of land, but only shows the payments as consideration for the conveyance of unidentified property. Further, there is no reference between the 2000 deed and the third page that would lead to the third page as containing the location of the legal description of the land intended to be conveyed to Field. Under the circumstances, the trial court's determination that the 2000 deed did not contain a sufficient description of the Property is supported by the record. It follows that the trial court did not err in granting summary judgment to Mednikow and Redwine. See id. at 230-231 (1) (deed was void because it did not contain a key to the location of the land intended to be conveyed by the grantor, and summary judgment was proper as to that issue).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2006.

*David D. Rawlins*, for appellant.
*Mark D. Oldenburg*, for appellees.